## Joseph Kirchheimer v. Thomas A. Barrett.

### Gen. No. 12,229.

1. Admission—*made by attorney competent.* It is competent to show that at a former trial of a cause the attorney of the adverse party made a certain admission and such fact may be established by calling the attorney who it is claimed made such admission.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. Lockwood Honore, Judge,

presiding.   Heard in the Branch Appellate Court at the March term, 1905.   Reversed and remanded.   Opinion filed March 6, 1906.

**Statement by the Court.**  For some years prior to 1904 appellant and his brother Sigmund carried on business in Chicago as partners under the firm name of Kirchheimer Brothers, and during the years 1900, 1901, 1902 and 1903 appellee was in their employ as city salesman.   The controversy in this case is as to whether Kirchheimer Brothers agreed to pay appellee any compensation for his services during the year 1903 other than a salary of $1,200 which was paid him.   Appellee brought a suit before a justice of the peace against Joseph and Sigmund Kirchheimer to recover compensation, in addition to his salary, for the year 1904, but only Joseph Kirchheimer was served with summons.   Plaintiff had judgment before the justice and upon appeal by the defendant Joseph Kirchheimer to the Circuit Court, plaintiff had a verdict for $200 and judgment thereon, to reverse which this appeal is prosecuted. '

MORTON A. MERGENTHEIM, for appellant.

RICE & O'NEIL, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellee testified that he was employed by Kirchheimer Brothers early in January, 1903, for that year; that the agreement was that he should receive as his compensation for that year forty-five per cent. of the profits on sales made by him; that out of the gross profits on his sales ten per cent. should be taken by Kirchheimer Brothers for expenses and the remaining ninety per cent. divided equally, forty-five per cent. to the firm. and forty-five per cent. to appellee, but that in any event appellee should receive, as a guaranteed salary, $1,200 for the year.   Joseph and Sigmund Kirchheimer testified that the contract was, that appellee should receive a salary of $1,200 for the year and that it was not agreed that he should have a percentage of the profits on his sales, or any compensation whatever other than said salary of $1,200.

Appellee testified that appellant gave to him in January, 1904, a paper containing a statement of the amount of the sales made by the appellee during the year 1903, which was introduced in evidence by him at a former trial of the case in the Circuit Court, and called as a witness the attorney of appellant, who testified that subsequent to said trial, said paper was lost in his office, and that the copy produced by the witness was a substantial copy of the paper so lost.   The copy of the paper so produced was then put in evidence by appellee and is as follows:

"Exhibit A for plaintiff.

| | |
|---|---:|
| January and February | 1,717.10 |
| March | 1,307.10 |
| April | 1,452.20 |
| May | 1,776.02 |
| June | 1,254.09 |
| July | 1,060.35 |
| August | 1,949.10 |
| September | 1,315.43 |
| October | 1,049.74 |
| November | 897.77 |
| December | 1,194.17 |
| | 14,973.13 |
| Ret | 849.31 |
| | 14,123.82 |

(Endorsed):   3,600 profit."

Appellant called as a witness Mr. Rice, the attorney of record of appellee and his counsel at the trial, and put to him the following question:   "Q. Mr. Rice, did you at the former trial of this case admit that these figures I show you '$3,600.00 profit' were in the handwriting of Mr. Barrett?" to which question an objection was made upon the ground that evidence of an admission by the attorney of the plaintiff at a former trial was not admissible, and the objection

was sustained and an exception taken. In this we think the trial court erred. In C. B. N. P. R. R. Co. v. Shoup, 28 Kansas, 395, Mr. JUSTICE BREWER said, p. 397: "An attorney is for the purposes of the trial, the agent of his client, and whatever he does and says in its progress, is *prima facie* the act and word of the client. If the plaintiff in this case had been a living person, and upon the trial had stated exactly what his attorney did state, no one would question but that proof of such statement might be given in any subsequent trial. It is doubtless often true that during the progress of a trial, and to hasten it, counsel waive the production by the opposite party of formal proof of some fact, intending to rest their case on some other matter; and this, which is done for the mere purpose of that trial alone, and for the sake of facilitating it, is not to be considered as a formal admission of the fact, binding in all subsequent progress of the case. But whether the consent or admission or waiver is to be considered as made for the purposes of that trial only, or as a general admission, is ordinarily a question of fact to be determined by the jury."

The same rule is stated in Perry v. Simpson, 40 Conn., 313, and 1 Greenleaf's Ev., sec. 186.

Whether the endorsement "$3,600.00 profit" was upon the original paper when it was given to appellee by appellant was, in view of the issues in the case, a question of no little importance to appellant. If the endorsement was then upon the paper, that fact would tend to strengthen the contention of appellee that it was a part of the contract of hiring, that he should have some part of the profits made by his employers on his sales.

It is not a sufficient answer to say that the attorney of appellant testified that Mr. Rice admitted upon the former trial that the endorsement was written upon the paper by appellee. The paper was lost in the office of appellant's attorney, and to prevent any possible inference by the jury that it contained evidence unfavorable to appellant, as well as to establish beyond all controversy the fact that the endorsement was made by appellee, it was the right of appellant to

introduce any competent evidence tending to prove that the
endorsement was made by appellee, after the paper had come
into his possession.

The verdict is in our opinion against the clear preponder-
ance of the evidence.

The testimony of appellee as to the contract of hiring is in
direct conflict with the testimony of Joseph and Sigmund
Kirchheimer.

Appellee testified that the contract was that Kirchheimer
should deduct from the gross profits on his sales, ten per cent.
of such profits for expenses, and divide the remaining ninety
per cent. thereof equally between himself and the firm, and
yet the salary of appellee $1,200 alone, amounted to 33 1-3
per cent. of the gross profits on the amount of his sales
$3,600.

Under the contract as testified to by appellee, he was en-
titled to receive,

45 per cent. of "$3,600.00 profits"............ $1,620.00
of which he had been paid ..................... 1,200.00

     leaving due him ...................... $ 420.00
and yet he brought his suit before a justice of the peace and
thereby limited his recovery to $200, and no explanation for
such action on his part was given or offered at the trial.

The letter of appellee's attorney written to Kirchheimer
Brothers in March, 1904, in relation to the demand for which
this suit was afterwards brought by them, offered in evidence
by appellant, should have been admitted.

The judgment of the Circuit Court will be reversed and
the cause remanded.

*Reversed and remanded.*