## HENRY PERRY *vs.* THE SIMPSON WATERPROOF MANUFACTURING COMPANY.

Upon a former trial between the same parties the counsel for the defendants, a corporation, had admitted their incorporation and that certain persons were officers of the company at a certain time, and the plaintiff had therefore introduced no proof upon these points. A second trial was had, previous to which the defendants gave the plaintiff notice that they withdrew their admission of the former trial. Upon the second trial the plaintiff, having given notice to the defendants to produce the records of the corporation in court, which they neglected to do, offered in evidence the admission of their counsel upon the former trial. Held—1. That the admission did not bind the defendants in such a way as to estop them from denying on the second trial the facts admitted on the first.—2. But that the admission was admissible in evidence, with all the circumstances in which it was made, as tending to prove the facts admitted.

ASSUMPSIT for the breach of a covenant of the defendants, an incorporated company, to employ the plaintiff in their service,

and for services rendered under the contract; brought to the Superior Court in Fairfield County. A new trial having been granted in the case (37 Conn. R., 520,) it was now tried upon the general issue, closed to the court, before *Granger, J.*

Upon the trial it was necessary for the plaintiff to show the legal incorporation of the defendants, and the fact that Simon Stevens was president, Edwin L. Simpson a director, and Abijah McEwen the secretary of the corporation, at the time of the making and breach of the contract, and he offered the testimony of Messrs. Seymour and Sanford, his counsel upon the former trial, to prove, and he did prove thereby, that upon the former trial Messrs. Treat and Blake, then counsel for the defendants, admitted those facts. The defendants thereupon offered to prove, and did prove, that the facts were admitted for the purposes of the former trial, and that several months before the present term of the court they had given notice to the plaintiff that the same facts would not be admitted upon the present trial, but would be denied. But it was proved on the part of the plaintiff that when notice was so given said Simpson and McEwen were both long deceased, and that the company had long ceased business; and that the plaintiff had given the defendants notice to produce on the present trial their records, books, and files, showing or going to show the facts to be as claimed by the plaintiff, but that the defendants did not produce any books, records, papers, or files of the company, and that the plaintiff was unable to find any of the same, and was unable to procure the testimony of the said Stevens. The plaintiff did however produce other oral testimony tending to show the facts above mentioned, and also produced in evidence a copy duly authenticated of a public record of the certificate of the incorporation of the company; the company being a New York corporation.

To the testimony offered by the plaintiff with regard to the admissions made on the former trial the defendants objected, but the court admitted the same, and thereupon rendered judgment for the plaintiff.

The defendants filed a motion for a new trial for error in this ruling of the court.

*Treat* and *Bullock*, in support of the motion.

Upon the first trial certain facts material for the plaintiff to prove were admitted for the purposes of that trial by the counsel of the defendants. On the plaintiff's motion a new trial was granted. It was as material for the plaintiff to prove the same facts upon the second trial. Long before this he had notice that they would not be again admitted. To prove these facts the plaintiff offered evidence of the admissions on the former trial, which was objected to, but was admitted and the facts proved thereby. The court will notice that the admissions were made, not because the facts admitted were true, nor for the purposes of the case, but simply and solely for the purposes of the first trial. We present then the question whether admissions made on and for the purposes of one trial are admissible or binding upon another trial. Or, stated differently, whether an admission for and at the time expressly limited to a particular purpose, is a general admission for all purposes or for any other purpose. It would seem that there could be but one answer to the question upon principle, without reference to decisions in like or analogous cases. The rule here must be the same as in attempts at settlement of controversies. An admission of a fact as a fact is admissible. An admission for the purposes of a settlement is not admissible. *Hartford Bridge Co.* v. *Granger*, 4 Conn., 148; *Fuller* v. *Hampton*, 5 id., 426; *Stranahan* v. *East Haddam*, 11 id., 507. In *Sanford* v. *Clark*, 29 Conn., 457, the plaintiff, during the progress and for the purposes of a trial, acknowledged a debt barred by the statute. The court held that the admission did not remove the bar, because the plaintiff in what he said did not intend to make a new promise. A letter written by the adverse party, "without prejudice," is inadmissible. *Healey* v. *Thatcher*, 8 Car. & P., 388. An admission made conditionally is not admissible under different circumstances. 2 Stark. Ev., 27. Nor the admission of an attorney on one trial at a subsequent trial. *Weisbrod* v. *Chicago &c. R. R. Co.*, 20 Wis., 419. The reason given is that it is evident the admission was made only for the first trial. The Superior Court seems to have overlooked the dis-

tinction between qualified and unqualified, limited and unlimited admissions. Admissions in the course of a trial often save time and expense, and ought to be encouraged and limited to the purpose for which they were made. Suppose on the first trial a statement of the testimony of an absent witness had been made by the plaintiff, admitted by the defendant, and read in evidence, would either party be bound by it on another trial? Clearly not, because manifestly made by one party and admitted by the other solely for the purposes of that trial, although not so expressed, as in the case before the court. When a new trial is granted a case is as if it had never been tried. A new trial means a new trial, not a repetition of the old one. Neither party would be restricted to the former evidence, or to the same line of attack or defense. The reasons for a new trial may, and almost always do, materially change the position of parties. In *Derwort* v. *Loomer*, 21 Conn., 245, it was holden that an attorney could not compromise a case. See also cases there cited. Certainly then an admission by an attorney ought not to be construed to the prejudice of a client. Suppose a client had discharged his attorneys on account of their ignorance or incompetency, manifested by unnecessary admissions injurious to him on the first trial. We submit that no well considered case can be found where oral admissions made in the progress and for the purposes of a trial have been holden admissible on another trial.

*Sanford*, contra, cited *Elton* v. *Larkins*, 5 Car. & P., 385; *Wetherell* v. *Bird*, 7 id., 6; *Goldie* v. *Shuttleworth*, 1 Campb., 70; *Young* v. *Wright*, id., 139; *Milward* v. *Temple*, id., 375; *Langley* v. *Lord Oxford*, 1 Mees. & Wels., 508; *Cook* v. *Barr*, 4 N. York, 156; *Chamberlin* v. *Preble*, 11 Allen, 370; 1 Greenl. Ev., §§ 27, 186, 205, 207; 1 Phill. Ev., 105; 2 Steph. N. P., 1626; Bigelow on Estoppel, 1(.

FOSTER, J. We are quite prepared to give our assent to the doctrine insisted on by the defendants' counsel, at least so far forth as to hold that the admission of a fact, made on

and for the purposes of one trial, does not bind the party thus making it, so as to prevent him from disputing the truth of that fact, at another trial. This however is not the question, certainly not the whole question, presented by this motion.

On the trial of this case it appears that it became necessary to prove the incorporation of the defendants, their existence, and that certain persons were officers of the corporation at a time specified in the declaration. To prove these facts the plaintiff offered evidence that, at a former trial, the defendants' counsel admitted them to be true. To the admission of this testimony the defendants objected, and offered proof that said facts were admitted for the purposes of the former trial, and that the plaintiff previously to the present trial had notice that the same would not again be admitted, but would be denied.

The court admitted the testimony, and we think correctly. What occurred at a former trial, so far as it throws light on the questions involved in the pending issue, made up and to be decided between the same parties, must be admissible in evidence. General rules regulating the admissibility of evidence require it. If at a former trial certain facts were admitted as true which it becomes important to prove in a subsequent trial, that such admission was made may be proved as a fact. Admissions by a party, or by an authorized agent, either in court or out, may be given in evidence. But the circumstances surrounding the admission, the purposes for which it was made, and the conditions attached to it, may be fully shown. It may not infrequently happen that a party will not be bound by an admission, and will not be estopped from denying its truth. And in view of the showing on both sides, allowing each party to prove the whole truth, it will be for the triers to determine how the proof stands on the facts in controversy, on which the admission is claimed to bear.

These principles were acted on, substantially, in the court below. They seem to us just and reasonable and in harmony with the law of evidence.

A new trial is not advised.

In this opinion Seymour, C. J., Carpenter, and Phelps, Js., concurred.

Park, J., was of opinion that, inasmuch as it is found as a fact in the case, that the counsel for the defendants on the former trial expressly limited their admissions to the purposes of that trial, and so informed the counsel for the plaintiff at the time the admissions were made, thus making the limitation a part of the admissions themselves, they could not be regarded on the second trial, and that the evidence should have been excluded.