SAM SCARCELLO *v.* TOWN OF GREENWICH ET AL.

ANTHONY TROPIANO *v.* TOWN OF GREENWICH ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued December 3, 1940—decided January 10, 1941.

*Lawrence S. Finkelstone,* with whom was *Lawrence E. Levy,* and, on the brief, *George N. Finkelstone,* for the appellee in the first case (plaintiff Scarcello) and the appellant in the second case (plaintiff Tropiano).

*DeLancey Pelgrift,* with whom, on the brief, was *H. Allen Barton,* for the appellants in the first case (defendants) and the appellee in the second case (defendant Fitzroy).

ELLS, J.  These two cases, arising out of the same collision, were tried together to the jury upon identical issues except as to damages.  The jury awarded $160 damages for personal injuries in the Scarcello case, and the court, upon motion, set the verdict aside as

inadequate. The correctness of this ruling is the only question involved in the appeal in that case. The verdict in the Tropiano case was $700. The plaintiff moved to set it aside as inadequate, and the court denied the motion. The plaintiff appealed from this denial, and also from the judgment, assigning various alleged errors in the charge.

Scarcello's medical bills were $60. Their reasonableness was not disputed. The remaining $100 was for all elements of his physical injuries, and for claimed loss of wages. · The jury could reasonably have concluded that his physical injuries were not serious, but that he was at least sufficiently bruised and cut to cause the defendant's medical witness to testify "I felt it might be reasonable to allow him the two months that he said he couldn't work." He testified that he had been regularly employed at an average wage of $40 a week, and there was no evidence to the contrary. While the jury was not obliged to accept this testimony as wholly true, the evidence was such that they could not reasonably conclude other than that he was entitled to more than the sum allowed for injuries serious enough reasonably to keep him from his daily work for two months. A verdict for expenses only, with nothing for injury and suffering was held to have been inadequate in *Reynolds* v. *Maisto,* 113 Conn. 405, 407, 155 Atl. 504.

This was one of six cases tried together. The trial judge, in his memorandum of decision, stated that two plaintiffs suffered slight injuries, and expressed the opinion that the jury confused Scarcello with other plaintiffs, and that the verdict was obviously the result of mistake. He had opportunities we do not possess. The evidence supports his conclusion. It convinces the mind that the verdict is in fact inadequate. See *Quackenbush* v. *Vallario,* 114 Conn. 652, 655, 159 Atl.

893. A practical test is whether the verdict is so far from fair and reasonable compensation as to shock the sense of justice. *Devileskis* v. *Shea,* 109 Conn. 526, 529, 147 Atl. 8. This one does.

In the Tropiano case the trial judge concluded that the verdict for $700 was not so inadequate as to justify a new trial. The major claim as to inadequacy involves the alleged loss of wages of $1480. The medical and hospital bills were $290. The essence of the plaintiff's claim is that because the only evidence as to loss of wages was his own testimony that he had been regularly employed as a bricklayer at $12 a day, five days a week, and out of work from October to May because of his injury, and because the defendant produced no medical testimony as to the reasonable duration of his disability, the jury was obligated to award the entire loss of wage claimed by him. The plaintiff was in the hospital for fifteen days. There was no medical testimony offered in his behalf as to the reasonable duration of disability; indeed the doctor did not even testify that he was unable to carry on his employment after his discharge from the hospital. The compensation for such time lost is peculiarly within the province of the jury to determine after consideration of the plaintiff, the medical testimony, the reasonably probable time he should have been disabled, and a weighing of the credible testimony as to his rate of wage and opportunity for employment. The verdict of $700 could fairly have embraced an allowance for his reasonable medical expenses, for loss of time, for his injuries, and for his pain and suffering. The verdict was, as the defendant admits, "stingy" but was not so clearly inadequate as to warrant interference by the trial court, or by us. This court has repeatedly stated that the action of the trial judge in ruling upon a motion to set aside a verdict is

entitled to great weight; and also that damages for personal injury cannot be precisely fixed and the matter is peculiarly for the jury. When the trial judge and the jury differ, it often presents a difficult question upon review, but where they agree, their combined judgment is entitled to weighty consideration. See *Amellin* v. *Leone*, 114 Conn. 478, 479, 159 Atl. 293.

The assignments of error as to the charge merit little discussion. The plaintiff assigns as error that the trial court took from the jury the consideration of an item of $300 which, in the finding, he claims would be necessary to assist in restoring his hearing, affected by the accident. The trial court charged with reference to this matter as follows: "He [the plaintiff] stated that he was advised by his physician that he needed an operation which would cost $300." Thereupon plaintiff's counsel suggested that it was an ear specialist who told the plaintiff this. The court then proceeded: "So that element of damages at least is hardly sufficient for you to base a recovery on. If the doctor had been here and testified it was reasonably necessary, that would have been one thing, but you can hardly accept the statement of the man himself as to what the doctor told him with respect to that item of damages." The appeal does not question that the trial court, with the correction made by counsel, accurately stated the evidence. The advice of the doctor was not the equivalent of testimony that the operation was reasonably necessary, and the trial court could properly regard it as an insufficient basis upon which to predicate liability for the cost of such an operation. *Bates* v. *Carroll*, 99 Conn. 677, 679, 122 Atl. 562.

There is no error upon either appeal.

In this opinion the other judges concurred.