RUTH MOULIN v. CELIA BERGERON ET AL.

Maltbie, C. J., Brown, Jennings, Ells and Alcorn, Js.

Argued February 11—decided March 22, 1949.

*Thomas J. Birmingham,* with whom, on the brief, was *James F. Kennedy,* for the appellant (named defendant).

*Samuel Steinberg,* for the appellee (plaintiff).

PER CURIAM. The plaintiff was a passenger on a two-wheel motor scooter driven by Celia Bergeron. The scooter was in collision with an automobile driven

by Columbus C. Smith at the corner of Sigourney Street and Farmington Avenue in Hartford. The plaintiff brought suit against Mrs. Bergeron and Smith and judgment was for her against the former and in favor of Smith. Mrs. Bergeron has appealed on the ground that she was free from negligence which was a proximate cause of the accident.

The testimony was conflicting but the finding cannot be corrected in any way which will advantage the appellant. The Smith car and the scooter were both proceeding south on Sigourney Street near the west curb. The scooter was a little behind and somewhat nearer the west curb than the automobile. As the vehicles approached Farmington Avenue the traffic light turned green and Smith signaled his intention to make a right turn into Farmington Avenue and started his turn. He did not see the scooter and had no reason to believe that it would attempt to pass on his right. The scooter ran into the right rear fender of the automobile and the plaintiff was thrown to the ground and injured.

The trial court concluded that no negligence of Smith in the operation of his automobile contributed to the collision and that it was solely due to the conduct of the defendant Bergeron.

The latter advances two arguments in her brief which she claims show that she was free from negligence contributing to the collision, as a matter of law. She first claims that she was entitled to the right of way under General Statutes, Sup. 1947, § 392i (Rev. 1949, § 2489). No case has been cited or found which holds that this statute, regulating the right of way at an intersection, applies when the cars are approaching the intersection on the same street and from the same direction; on the contrary, it reads: "Each driver or operator of a vehicle approaching any intersecting pub-

lic street or highway shall grant the right of way at such intersection to any vehicle approaching from his right. . . ." The statute does not apply to the situation presented in the case at bar.

Her other argument is based on the fact that Smith pleaded guilty to violation of the rules of the road in that he failed to grant her the right of way. This fact was considered by the trial court but it concluded in effect that while the plea was an admission by Smith this did not deprive him of the right to explain his reason for so pleading or conclusively establish his responsibility for the accident on all of the evidence. This was essentially the basis of the decision in *Perry* v. *Simpson Waterproof Mfg. Co.*, 40 Conn. 313, 317, although the admission there in question was made on a former trial of the same action. The principle applies a fortiori where the admission was made in a different proceeding, as in the case at bar. The issue was one of fact and the reasons advanced by the defendant furnish no basis for disturbing the trial court's conclusion.

There is no error.