KATHARINE M. BRADLEY *v.* HENRY W. NIEMANN

CARLETON T. BRADLEY *v.* HENRY W. NIEMANN

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 4—decided July 3, 1950

*David R. Lessler,* for the appellants (plaintiffs).

*James W. Carpenter,* for the appellee (defendant).

JENNINGS, J. The car driven by one plaintiff in which the other was riding as a passenger was run into from the rear by a car driven by the defendant. Personal injuries and property damage were claimed. The plaintiffs appealed from the denial of their motions to set aside the defendant's verdicts and from the judgments. They were represented on appeal by an attorney other than the one who tried the case.

The jury reasonably could have found that both cars were proceeding slowly westerly on the Boston Post Road in Stamford on October 7, 1945, about 9 p. m. The weather was clear and the pavement dry. A car turned from the north curb into the line of traffic just ahead of the plaintiffs' car. The latter made a sudden stop. The defendant applied his brakes and reduced his speed to four miles an hour but bumped the plaintiffs' car in the rear.

The claims of negligence made by the plaintiffs raised questions of fact to be determined on conflicting evidence. Their claim that the plea of guilty by the defendant to a criminal charge of reckless driving made as a result of the accident conclusively established his negligence is not valid. *Moulin* v. *Bergeron,* 135 Conn. 443, 445, 65 A. 2d 478. That plea, entered in another trial, was, for the purposes of the cases at bar, merely an admission tending to prove negligence. *Perry* v. *Simpson Waterproof Mfg. Co.,* 40 Conn. 313, 317. The verdicts were general. Therefore, "the legal presumption is that the jury found all the issues for the defendant." *Beauton* v. *Connecticut Light & Power Co.,* 125 Conn. 76, 83, 3 A. 2d 315. The jury could reasonably have found for the defendant on the issue of his negligence, and this would suffice to support the verdicts. The denial of the motions to set them aside was justified.

The purpose of the plaintiffs' appeals from the judgments was stated to be to furnish an additional ground of error in the denial of the motions. The appeals were based on claimed error in that portion of the charge in which the trial court said: "And of course if you should find the plaintiff driver to have been guilty of contributory negligence, his negligence would bar not only his own recovery but the recovery of his wife since she was the owner of the car and riding with him and he was driving as her agent." The plaintiffs' brief shows extensive historical and legal research on the question of imputed contributory negligence. There were no written requests to charge and the only oral objection referred to the question of damages. To set aside a verdict on the sole ground that there had been an error in the charge which had not been objected to would, in effect, completely nullify the purposes of § 156 of the Practice Book. Assuming that the verdicts were

based on the finding that the defendant was not negligent, any error in the charge concerning the imputation of the contributory negligence of Mr. Bradley to his wife could have had no effect on them. Imputed negligence as an issue was specifically called to the attention of the plaintiffs. It was alleged as a special defense in the case brought by Mrs. Bradley. It was referred to repeatedly in the charge. The plaintiffs' attorney showed his familiarity with the rule, since he did make an objection to the charge on another point. The appeals in so far as they are based on error in the charge will not be considered. Practice Book § 156; *McMahon* v. *New York, N. H. & H. R. Co.*, 136 Conn. 372, 375, 71 A. 2d 557.

There is no error.

In this opinion the other judges concurred.