LORRAINE JACOBS *v.* THE CONNECTICUT COMPANY ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and CULLINAN, Js.

Argued June 8—decided August 1, 1950

*William L. Beers,* with whom, on the brief, were *Nelson Harris* and *Charles G. Albom,* for the appellant (plaintiff).

*Thomas J. O'Sullivan,* with whom, on the brief, was *Edwin H. Hall,* for the appellee (named defendant).

JENNINGS, J. This is a negligence case. The plain-

tiff appeals from the entry of judgment on a defendants' verdict.

The findings necessary to present the issues on appeal can be briefly stated. The plaintiff, a passenger on a Connecticut Company bus, alighted on Temple Street in New Haven, walked to the rear end of the bus and started across the street. When she had passed the rear end of the bus, she was struck by an automobile which was driven by Oliver W. Lambert, the other defendant, and was moving in the opposite direction from that in which the bus was headed. One of the contested and material issues was the position of the bus. The Connecticut Company claimed that it was parallel to and close to the curb. The plaintiff claimed that it was at an angle, that the rear end extended into the street and that therefore the Connecticut Company did not provide a reasonably safe place for her to alight. Another issue was the claimed contributory negligence of the plaintiff.

After the plaintiff rested her case, the Connecticut Company moved for a directed verdict. The motion was denied. Lambert was present in court but had been defaulted and had taken no part in the trial up to this point. The court thereafter reopened the case and permitted the Connecticut Company to offer evidence over the plaintiff's objection.

There is no finding or claim that the Connecticut Company rested before making its motion. Its action was in direct contravention of the holding in *DiBiase* v. *Garnsey*, 104 Conn. 447, 133 A. 669, that such a motion can be made (p. 451) "only at the conclusion of the evidence offered by both parties, or after both parties have had the opportunity to offer their evidence and have rested." While that case does not specifically so state, the discussion carries the clear implication that if a party has rested and has moved for a directed verdict

he may not thereafter reopen his case and offer further evidence. In the absence of any rule on the subject, such as, for example, the federal rule (Fed. R. Civ. P. 50 [a]), which permits the offer of evidence after the denial of a motion for a directed verdict, the practice outlined in the *DiBiase* case should be followed unless extraordinary circumstances require that an exception be made. No such circumstances appear in the case at bar. The court was in error in allowing the Connecticut Company to make the motion without resting its case. The error may not have been serious or harmful, but the statement is made in the interest of uniform practice.

The admission of the evidence offered at that time is also the subject of an assignment of error. The Connecticut Company called Lambert to the stand, asked him to identify his motor vehicle report and offered it in evidence. It contained an account of the accident. It stated among other things that the plaintiff dashed out from behind the bus directly in front of his car and that at that time the traffic light was green in his favor and against the plaintiff. It also contained the usual sketch. The latter showed the bus parallel with the curb as claimed by the Connecticut Company. It was offered as an admission on the part of Lambert that the Connecticut Company was not negligent. It was admitted, for the purpose stated, as "against Mr. Lambert only."

It is to be observed that Lambert had not testified up to that time and had actually been defaulted. Motor vehicle reports are used in negligence cases almost as a matter of course and usually furnish valuable evidence when admitted for a proper purpose. This report would have been admissible upon the issue of Lambert's negligence; *Ezzo* v. *Geremiah*, 107 Conn. 670, 680, 142 A. 461; or to contradict his testimony. *Guar-*

*naccia* v. *Wiecenski,* 130 Conn. 20, 25, 31 A. 2d 464. It was not admissible as evidence either against the Connecticut Company; 4 Wigmore, Evidence (3d Ed.) p. 115; 1 Jones, Evidence (4th Ed.) p. 481, § 254; or in its favor. Lambert was on the stand and could testify to the fact like any other witness. Under these circumstances there was no basis for the admission of the report. The trial court's ruling to the contrary was erroneous.

It is true that, later in the trial, the default against Lambert was opened. Lambert then took the stand and "told his story." It does not appear from the record, however, what his testimony was or that it was to the same effect as his report to the motor vehicle commissioner. It cannot be said, therefore, that the error in admitting the report in response to the offer made and at the time it was admitted was harmless.

In view of these conclusions it is unnecessary to discuss the other assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.