Doris Haag, Administratrix (Estate of Maurice Haag) *v.* Beard Sand and Gravel Company, Inc., et al.

Baldwin, C. J., King, Murphy, Shea and Alcorn, Js.

Argued June 4—decided July 18, 1963

*Robert Y. Pelgrift,* for the appellants (defendants).

*Robert B. Cohen,* with whom, on the brief, were *Morton E. Cole* and *Cyril Cole,* for the appellee (plaintiff).

MURPHY, J. The defendants have appealed from a judgment rendered on a verdict for the plaintiff. Their sole assignment of error is the denial of their motion for judgment notwithstanding the verdict. That motion is predicated on the action of the trial court in denying their motion for a directed verdict. Practice Book § 234. The latter motion was denied because it was not timely made.

The parties had concluded their evidence and had rested. The plaintiff's opening argument to the jury had been in progress for about forty-five minutes when the noon recess was taken. When court resumed, the defendants moved for a directed verdict. The court denied the motion because it had not been made at the close of all the evidence as prescribed by § 234 of the Practice Book. A motion for a directed verdict is a prerequisite to a motion for judgment notwithstanding the verdict. *Goldberger* v. *David Roberts Corporation,* 139 Conn. 629, 633, 96 A.2d 309. Within the time stated in § 233 of the Practice Book, the defendants moved for judgment in their favor in accordance with their motion for a directed verdict but did not, as required by § 234, include in their motion a request that both the verdict and the judgment entered thereon be set aside. It is essential that the motion for judgment notwithstanding the verdict include both of these elements because, unless both the verdict and the judgment entered thereon are set aside,

favorable action on the motion for judgment notwithstanding the verdict is precluded. See *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 420, 101 A.2d 491.

Section 234 of the Practice Book was adopted in 1951 after the opinion in *Jacobs* v. *Connecticut Co.,* 137 Conn. 189, 75 A.2d 427, had been handed down. The purpose of the rule was to prescribe definitely the time when a motion for a directed verdict should be made and the procedure to be followed thereafter. The motion should be made after both parties have rested and before the arguments start. Except under extraordinary circumstances, when for good cause shown the court may exercise discretion, a motion for a directed verdict can be made only at the conclusion of the evidence offered by both parties, or after both parties have had the opportunity of offering their evidence and have rested. *DiBiase* v. *Garnsey,* 104 Conn. 447, 451, 133 A. 669; *Jacobs* v. *Connecticut Co.,* supra, 190. Where a court, in the exercise of its discretion, receives and acts on a motion for a directed verdict at any other time, its reason therefor should appear of record. No circumstances justifying the tardy motion for a directed verdict appear in this case. Rather, the defendants stated that they only wanted the motion to appear in the record and would be satisfied with a pro forma denial. Actually, a lengthy and well-reasoned memorandum on the motion for judgment notwithstanding the verdict treated the subject as though the motion for a directed verdict had been timely made, and the memorandum properly disposed of the matter on the merits.

There is no error.

In this opinion the other judges concurred.