## Margaret Lee, Administratrix (Estate of Suzanne Lee) *v.* Henry C. Lee et al.

House, C. J., Loiselle, Bogdanski, Longo and Barber, Js.

Argued February 10—decision released April 27, 1976

1

*Arnold M. Schwolsky,* with whom, on the brief, was *John A. O'Reilly, Jr.,* for the appellant (plaintiff).

*Joseph T. Sweeney,* with whom, on the brief, was *Thomas J. Hagarty,* for the appellees (defendants).

LONGO, J. The plaintiff is the administratrix of the estate of her deceased daughter, Suzanne Lee. This action was brought to recover damages for injuries resulting when the child Suzanne was attacked by a dog owned by the defendants, her grandparents. The attack occurred on September 6, 1969, when the child was three years old. On February 15, 1973, while this action was pending, she died as a result of injuries sustained in an automobile accident. The jury returned a verdict of $7000 in favor of the plaintiff administratrix. An award for special damages to the plaintiff individually as parent of the child was also made, but is not at issue here. Following a request by the defendants for an order of remittitur in the amount of $3000 to $3500, the trial court ordered that the verdict of $7000 be set aside unless the plaintiff administratrix filed a remittitur of $2000. The memorandum of decision reveals that the court was of the opinion that the jury was governed by sympathy for the parents of the deceased child. See *Bates* v. *Frinder,* 161 Conn. 566, 567, 287 A.2d 739. The plaintiff has taken this appeal from the order of the court.

Where, as in this case, the trial court disagrees with the verdict of the jury and there is an appeal from an order of remittitur, "we review the action of the judge in setting the verdict aside rather than that of the jury in rendering it." *Slabinski* v. *Dix,* 138 Conn. 625, 628, 88 A.2d 115; *Brooks* v. *Singer,*

147 Conn. 719, 158 A.2d 745; *Brower* v. *Perkins,* 135 Conn. 675, 681–82, 68 A.2d 146. The decision to set aside a verdict is a matter within the broad legal discretion of the trial court and it will not be disturbed unless there has been a clear abuse of that discretion. See *Birgel* v. *Heintz,* 163 Conn. 23, 27–28, 301 A.2d 249, and the citations contained therein. Although it is broad, the discretion to set aside a verdict is not unfettered. The proper test to be applied is to determine "whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." *Slabinski* v. *Dix,* supra, 629; see *Jerz* v. *Humphrey,* 160 Conn. 219, 224, 276 A.2d 884; 22 Am. Jur. 2d, Damages, § 366. The jury verdict cannot be disturbed if the jury could reasonably have found that the damages awarded constituted just and reasonable compensation for the injuries sustained by the deceased child. See *Verrillo* v. *Green,* 155 Conn. 694, 230 A.2d 20.

Giving to the plaintiff's evidence "the most favorable interpretation which it will fairly and reasonably bear"; see *Briggs* v. *Becker,* 101 Conn. 62, 63, 124 A. 826; the jury in this case could reasonably have found the following facts: After being bitten by the dog, the child was found bleeding profusely from deep cuts on her face and from her arm. The physician who treated her in the hospital emergency room testified that she had received a laceration across her nose involving cartilage, muscle, and mucous membrane so that her nose was "torn to the right, almost off." There were also lacerations above and below the right eye which had severed

the periorbital muscles which control opening of the eye; and lacerations on the upper lip, right cheek, and right arm. A minimum of fifty sutures were required to close the wounds. During the two- to two-and-one-half-hour procedure, it was impossible to put the child to sleep because of her irregular pulse, so that a local anesthesia had to be used. Various follow-up procedures were ordered, including the administering of fourteen "rabies shots" over three weeks time. A specialist in plastic and reconstructive surgery who saw the child three times after the attack testified that on her last visit in April, 1972, he observed that her scars had not considerably improved and the deformity of her nose was unchanged, and that her breathing was still impeded. He recommended that surgery to improve her appearance be postponed until the child was teen-aged.

To support mitigation of the verdict by remittitur, the defendants refer to evidence before the jury that the period to be considered in awarding damages was less than three-and-one-half years because the child had subsequently died of unrelated causes; that she made an uneventful recovery following the dog's attacks; that after April 12, 1972, the only residual of the injury was the scarring; and that, according to her mother's testimony, after an initial period of shyness the child had had no difficulty emotionally, physically or mentally and was a healthy child.

The damages sustained by the child cannot be calculated with mathematical certainty, as they may reasonably include amounts for her pain and suffering. See *Camp* v. *Booth,* 160 Conn. 10, 13, 273 A.2d 714. Whether the court would have reached a

different verdict is not in itself decisive. See *Kronish* v. *Provasoli,* 149 Conn. 368, 370, 179 A.2d 823. The "[a]ssessment of damages is peculiarly within the province of the jury and their determination should be set aside only when the verdict is plainly excessive and exorbitant." *Slabinski* v. *Dix,* supra, 629. Although we are of the opinion that the award in this case was generous, we find that the verdict of $7000 falls within the necessarily uncertain limits of just damages. Therefore, we hold that the trial court erred in setting aside the verdict unless a remittitur of $2000 was filed.

There is error, and the case is remanded with direction to render judgment on the verdict.

In this opinion the other judges concurred.