MARSHALL JACOBS *v.* NORWICK B. H. GOODSPEED ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PARSKEY and SIDOR, Js.

Argued January 16—decision released April 29, 1980

*James T. Haviland II,* for the appellants (defendants).

*Gary P. Sklaver,* with whom, on the brief, were *Irving H. Perlmutter* and *Andrew M. Ullman,* for the appellee (plaintiff).

PARSKEY, J. This case focuses on the tension between a litigant's constitutional right to have issues of fact determined by a jury and the trial court's legal discretion to overturn a verdict in order to prevent a manifest injustice. On the facts of this case we come down on the side of the jury's verdict and therefore reverse the trial court's setting aside of the jury verdict for the defendants.

The plaintiff correctly observes that the issue directly before us is the action of the trial court in setting aside the verdict rather than that of the jury in rendering it. *Lee v. Lee,* 171 Conn. 1, 2, 368 A.2d 11 (1976); *Slabinski v. Dix,* 138 Conn. 625, 628, 88 A.2d 115 (1952). We also recognize that the decision to set aside a verdict involves the exercise of a broad legal discretion by the trial court which, in the absence of a clear abuse, will not be disturbed; *Lee v. Lee,* supra, 3; and further, that in reviewing the exercise of that discretion every reasonable presumption should be indulged in favor of its correctness. *Angelica v. Fernandes,* 174 Conn. 534, 535, 391 A.2d 167 (1978); *Ardoline v. Keegan,* 140 Conn. 552, 555, 102 A.2d 352 (1954).

Although the trial court has a broad legal discretion in this area it is not without limits; one immovable limitation is the constitutional right of

trial by jury. *Gosselin* v. *Perry,* 166 Conn. 152, 168, 348 A.2d 623 (1974); *Robinson* v. *Backes,* 91 Conn. 457, 460, 99 A. 1057 (1917). Because in setting aside a verdict the court has deprived a litigant in whose favor the verdict has been rendered of his constitutional right to have disputed issues of fact determined by a jury; *Rickert* v. *Fraser,* 152 Conn. 678, 681, 211 A.2d 702 (1965); the court's action cannot be reviewed in a vacuum. The evidential underpinnings of the verdict itself must be examined. "Upon issues regarding which, on the evidence, there is room for reasonable difference of opinion among fair-minded men, the conclusion of a jury, if one at which honest men acting fairly and intelligently might arrive reasonably, must stand, even though the opinion of the trial court and this court be that a different result should have been reached." *Horvath* v. *Tontini,* 126 Conn. 462, 464, 11 A.2d 846 (1940).

A court may set aside a verdict if it determines that the jury misapplied the law as given to them by the court. *Vacca* v. *Della Camera,* 149 Conn. 277, 281, 179 A.2d 616 (1962). The plaintiff alleged in his complaint that the named defendant (hereinafter the defendant) was following too closely a car driven by one Convento. Such conduct would constitute a violation of General Statutes § 14-240. The court after defining this statute to the jury stated, "[i]f you find that there is a violation of the applicable statute by one in a situation governed by it, it is negligence per se. That is, it must be found to be negligence as a matter of law." The trial court properly delegated to the jury the function of determining whether, on the facts of the case, the defendant had violated this statutory standard of care by "follow[ing] another vehicle more closely

than is reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the conditions of the highway and weather conditions." In its decision setting aside the verdict, the trial court determined that the jury had not followed its instruction because, upon the evidence, the defendant was negligent as a matter of law. This latter determination requires a further analysis of the evidence.

The plaintiff was a passenger in a car being operated by the defendant on interstate 95. In the vicinity of Darien the defendant's car collided with the Convento car. After the accident the defendant pleaded guilty to following too closely in violation of § 14-240, and also admitted to the same conduct in his motor vehicle accident report. On the basis of these admissions and other evidence in the case, the trial court reasoned that the defendant was negligent as a matter of law and therefore the jury reasonably could not conclude otherwise. While the trial court's surprise at the result reached by the jury in the light of the evidence in the case, particularly the admissions, is understandable, the jury were not compelled, in reason or in law, to render a plaintiff's verdict. In determining whether the jury's verdict is manifestly unjust the court should not place on the scale its own factual counterweights.

The defendant's guilty plea to the statutory violation was an admission tending to prove his negligence; *Flynn* v. *Raccuia,* 146 Conn. 210, 213, 148 A.2d 763 (1959); *Bradley* v. *Niemann,* 137 Conn. 81, 83, 74 A.2d 876 (1950); as was his statement in his motor vehicle report. *Jacobs* v. *Connecticut Co.,* 137 Conn. 189, 191, 75 A.2d 427 (1950); *Ezzo* v. *Geremiah,* 107 Conn. 670, 680–81, 142 A. 461 (1928).

Such admissions, however, are not conclusive. *Bradley* v. *Niemann,* supra; *Moulin* v. *Bergeron,* 135 Conn. 443, 445, 65 A.2d 478 (1949). Both *Bradley* and *Gosselin* v. *Perry,* 166 Conn. 152, 348 A.2d 623 (1974), involved rear-end collisions in which defendants' verdicts were upheld despite the defendant's guilty plea to a motor vehicle violation. In *Gosselin* the plea was to the very statute involved in this case. The conclusion to be drawn from these cases is that if there is a reasonable basis in the evidence for the jury's verdict, unless there is a mistake in law or some other valid basis for upsetting the result other than a difference of opinion regarding the conclusions to be drawn from the evidence, the trial court should let the jury work their will.

There was an abundance of evidence in the record upon which the jury could base their determination. There was testimony regarding adverse weather, road and visibility conditions. There was conflicting testimony concerning the speed of the defendant's vehicle, as well as the speed and location of the Convento vehicle. There was also testimony that the defendant did not follow the Convento vehicle at all but rather came upon it suddenly. Finally, there were allegations in the complaint that the accident may have resulted from the negligence of Convento. Taking all this evidence into account the jury reasonably could have concluded either (1) that the defendant did not breach any statutory or common-law standard of care, or (2) that the defendant did breach a statutory or common-law standard of care but that that breach was not the proximate cause of the plaintiff's injuries. The defendant's verdict should not have been set aside.

There is error, the judgment is set aside and the case is remanded with direction to render judgment on the verdict.

In this opinion LOISELLE and BOGDANSKI, Js., concurred.

COTTER, C. J. (dissenting). Under the unusual facts in this case I would find that the action of the trial court in setting aside the verdict for the defendants was not an abuse of its discretion and is entitled to full support. *Brower* v. *Perkins*, 135 Conn. 675, 681–82, 68 A.2d 146; *Loomis* v. *Perkins*, 70 Conn. 444, 446, 39 A. 797.

I would find no error. The case should be remanded for a new trial.

SIDOR, J. (dissenting). I realize that the parties have a constitutional right to try the issues to a jury. This court has said on numerous occasions that we review the action of the trial court in setting aside the verdict to determine whether it involved an abuse of discretion, we do not examine the verdict itself. *Scarcello* v. *Greenwich*, 127 Conn. 464, 468, 17 A.2d 523; *Cables* v. *Bristol Water Co.*, 86 Conn. 223, 224, 84 A. 928; Maltbie, Conn. App. Proc. § 196.

We have noted that the trial judge has the same opportunity to view the trial scene as the jury. For this reason, the court has always reiterated that great weight is due the action of the trial court. Yet here the majority finds a manifest abuse of discretion, notwithstanding: (1) a plea of guilty to a violation of a statute, which we say is negligence per se; (2) an admission against interest on the motor vehicle report; and (3) testimony of the

defendant that he knew the effect of what he was doing when he pleaded guilty and when he signed his motor vehicle report. Since the action of the trial court involves the exercise of a broad legal discretion, it will not be disturbed unless that discretion has clearly been abused. *Brower* v. *Perkins,* 135 Conn. 675, 681, 68 A.2d 146.

The evidence of negligence is not contradicted. The majority says that the jury still could have decided that the defendant's negligence was not the proximate cause of the plaintiff's injuries. It seems to me that this reasoning overlooks the legislative policy and the purpose behind the passage of General Statutes § 14-240. The statute provides: "(a) No driver of a motor vehicle shall follow another vehicle more closely than is reasonable and prudent, having *regard* for the *speed* of such vehicles, the traffic upon and the condition of the highway and weather conditions. . . ." (Emphasis added.) The legislature has placed a burden of being reasonable and prudent on the following car.

I cannot conclude that the trial judge manifestly abused his discretion under the circumstances of this case.