[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE VERDICT AS TO DAMAGES ONLY AND FOR ADDITUR
After the evidence was presented to the jury and the court charged the jury as to the law, the jury originally brought in a verdict in which both the plaintiff and defendants were found to be 50% to blame for the automobile-motorcycle accident and no economic and CT Page 6484 non-economic damages were awarded. The court then recharged the jury on comparative negligence and sent the jury back to reconsider their verdict. The jury then returned a verdict of 50% liability for both plaintiff and defendants and awarded economic damages of $7,900.00 and non-economic damages of $5,000.00 or total damages of $12,900.00. The court then reduced this award by 50% and judgment was entered for the plaintiff for 6,450.00.
It is from this judgment that plaintiff's motion is directed.
In a case such as this, the test to be applied to determine if a verdict should be set aside, is whether the jury's award fall somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. Birgel v. Heintz, 163 Conn. 23, 28 (1972). "Whether the court would have reached a different verdict is not in itself decisive." Lee v. Lee, 171 Conn. 1, 4-5 (1976).
The plaintiff should have no dispute with the award of economic damages for he is credited with his total special damages of $7,900.00. However, it is the plaintiff's claim that the non-economic damages award of $5,000.00 is inadequate, and it is to that issue that his motion to set aside the verdict or for an additur is brought.
In considering a motion to set aside a verdict the court should consider the evidence in a light most favorable to sustaining the verdict. Mather v. Griffin Hospital, 207 Conn. 125, 139 (1988).
The jury could reasonably have found that there were no permanent injuries except for a small scar, that there was no loss of income and that plaintiff's pain and suffering were minimal and of short duration.
The court finds that the jury correctly applied the law to the facts in evidence in the case. "It is clear that the jury were afforded a considerable range within which they could properly arrive at a verdict. Although there was evidence presented which might support a larger award, a less sizable award, such as that found by the jury, could also be supported by the evidence." Sepe v. Deemy, 9 Conn. App. 524, 531 (1987). CT Page 6485
For these reasons, plaintiff's motion to set aside the verdict and for an additur is overruled and denied.
Harold M. Missal State Trial Referee