[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO SET ASIDE VERDICT AND FOR NEW TRIAL
In order to determine whether the verdict should be set aside, the "evidential underpinnings of the verdict itself must be examined" Jacobs v. Goodspeed, 180 Conn. 415, 417 (1980); Barbieriv. Taylor, 37 Conn. Sup. 1, 2 (1980).
 "We must consider the evidence, including reasonable inferences which may be drawn therefrom, in the light most favorable to the (party) who (was) successful at trial."
CT Page 4818
 "The verdict will be set aside and judgment directed only if (we) find that the jury could not reasonably and legally have reached their conclusion. Bound Brook Association v. Norwalk, 198 Conn. 660, 667 (1986).
The evidential underpinnings were (1) plaintiff was making a left hand turn to enter a private driveway, and (2) testimony from the parties and a witness following the defendant. All three testified as to their observations and conclusions as to speed, distance, and the time factor, i.e., "4 to 5 seconds" and "5 to 6" seconds.
The court cannot find that "the jury could not reasonably and legally reach their conclusion". The evidence that the plaintiff was turning left on a public highway into a private driveway presented a statutory burden on plaintiff and a serious underpinning based on uncontroverted evidence. Speed, distances and the time factor, all estimates, presented factors for evaluation by the jury.
There is no basis to compel a conclusion that the jury were influenced by partiality, prejudice, mistake or corruption.Barbieri above at p. 3.
The motion is denied.
John N. Reynolds State Trial Referee