[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On April 6, 1995, the plaintiff, Carol Hemenway, filed a one count complaint, sounding in negligence, against the defendant, Lillian M. Rivera. The plaintiff's action arises from a motor vehicle accident, which she claims was caused by the negligence of the defendant. Specifically, the plaintiff alleges that on October 19, 1994, while operating her motor vehicle west on the Boston Post Road in Orange, Connecticut, she stopped behind another motor vehicle that was turning into a parking lot. Without warning, the defendant's vehicle rear-ended the plaintiff's vehicle, pushing it into the vehicle ahead of her. As a result of the collision, the plaintiff suffered various injuries.
On June 14, 1995, the defendant filed her answer, in which she denied that she was negligent. On August 30, 1995, the plaintiff filed a motion for summary judgment on the ground that "there exists no genuine issue of material fact."
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view CT Page 11828 the evidence in the light most favorable to the nonmoving party." (Citations omitted; internal quotation marks omitted; emphasis added.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202 (1995).
In support of her motion for summary judgment, the plaintiff relies on her affidavit and a copy of the police report. In paragraph four of the plaintiff's affidavit, she states "[t]hat the collision of the defendant's vehicle with my vehicle was due to the defendant's failure to stop her vehicle in time since she was following too close to my vehicle." The affidavit is conclusory. Whether the defendant followed too closely is, of course, a question for the trier of fact. See Wrinn v. State,234 Conn. 401, 405 n. 4 (1995) (noting that "[s]ection 14-240
[following too closely] has mitigating elements which raise factual questions for the jury.")
The plaintiff also offers in support a copy of the police report for the accident. The plaintiff characterizes the following statement in the report as an admission by the defendant. "Op #3 [defendant] states she was w/b on Boston Post Rd. and saw veh #2 [plaintiff's vehicle] stopped in front of her and attempted to stop but was unable to do so due to the wet roads and struck veh #2." (Officer's report).
Admissions in a motor vehicle report, while tending to prove one's negligence, are not conclusive. Jacobs v. Goodspeed,180 Conn. 415, 418-19 (1980). See Hutchinson v. Plante, 175 Conn. 1, re: admissibility. Where there is mitigating evidence relating to adverse weather, road and visibility conditions, such evidence may create a genuine issue of material fact. See Jacobs v.Goodspeed, supra, 419. "Common experience shows that motor vehicle accidents are not all due to driver negligence." O'Brienv. Cordova, 171 Conn. 303, 306 (1976). The defendant's statement in the police report concerning the wet roadway creates a genuine issue of material fact. "`Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.'" Fogarty v. Rashaw, 193 Conn. 442,446 (1984), quoting Spencer v. Good Earth Restaurant,164 Conn. 194, 199 (1972).
The affidavit and copy of the police report submitted by the plaintiff do not resolve "the mixed question of fact and law of whether the defendant met the requisite standard of care under the circumstances, particularly those relating to whether [s]he CT Page 11829 had a reasonable opportunity to avoid the collision," Fogarty v.Rashaw, supra, 193 Conn. 446; and the question whether, her alleged negligence, was the legal cause of the harm to the plaintiff. The plaintiff has not met her burden of demonstrating the nonexistence of genuine issues of material fact.
Accordingly, the plaintiff's motion for summary judgment is denied.
Samuel S. Freedman, Judge