[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT NOTWITHSTANDING THEVERDICT (#138) AND OBJECTION TO MOTION FOR JUDGMENT NOTWITHSTANDINGTHE VERDICT (#142)
The jury returned a verdict for the defendant.
This motion claimed that it was (1) contrary to the evidence, (2) contrary to the law, and (3) contrary to the law and the evidence.
Defendant has filed a timely object thereto (#141 #142).
In order to determine whether the verdict should be set aside the "evidential underpinnings of the verdict itself must be examined." Jacobs v. Goodspeed, 180 Conn. 415, 429; Barbieri v.Taylor, 37 Conn. Sup. 1 (1980).
The evidence presents a solid basis of facts for the jury to have found that the defendant was using a sledge hammer against a steel pin that flew off a disabled backhoe and punctured plaintiff's leg causing injuries and damages as related to the jury. CT Page 3002
Defendant objected timely. Defendant cites failure to meet the mandate of P.B. § 321 and denies the claim of plaintiff's motion.
Plaintiff offered in evidence a copy of a recorded interview between the, defendant's insurance claims person and the defendant. The defense attorney objected on several grounds. The plaintiff claimed that the statement was inconsistent with defendant's testimony before the jury. (Plaintiff's Exhibit L for ID.)
The defendant's objection was sustained. The evidential underpinnings in Exhibit L for ID failed to support plaintiff's claim that defendant made a prior inconsistent statement to his own agent. State v. Whelan, 200 Conn. 743 (1988).
The defendant testified at the trial and was subjected to extensive direct and cross-examination in the presence of the jury. The court cannot find any "evidential underpinnings" in Exhibit L for ID to support plaintiff's motion.
The Motion for Judgment Notwithstanding the Verdict is denied.
John N. Reynolds Judge Trial Referee