[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant action arose from an automobile accident which occurred at an intersection. The front end of the plaintiff's vehicle struck the right rear side of the defendant's vehicle. The-relative manner of operation of the involved motor vehicles was such as to reasonably support the jury's conclusion of shared responsibility. (Jury concluded each operator was 50 percent comparatively responsible.)
The jury returned a verdict in favor of the plaintiff for $2,152.47 in economic damages which was considerably less than claimed and nothing for non-economic damages. An award of economic damages not accompanied by an award of non-economic damages is not inadequate as a matter of law.Wichers v. Hatch, 252 Conn. 174, 186.
 "Great deference is to be accorded a jury's award of damages. Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of CT Page 3256 trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court. . . ." Childs v. Bainer, 235 Conn. 107. 112. Also see Wichers v. Hatch, supra.
As stated above the common law of the state does not recognize the principle that awards limited to economic damages are inadequate as a matter of law and must be set aside or the principle that a fact finder must award non-economic damages each time it awards economic damages,Childs v. Bainer, supra, 121. Wichers v. Hatch, supra, 183.
The evidence with respect to the nature and extent of the injuries and particularly their casual relationship to the accident was in conflict and bitterly contested. Credibility of the plaintiff was a critical issue in this case.
The jury is not obliged to believe that every injury causes pain or the pain alleged. Vaida v. Tusla, 214 Conn. 523, 538.
The collision was of the low speed variety.
The plaintiff made no claim of injury at the scene and was able to drive her car home. Thereafter she went to the Emergency Room at World War II Hospital complaining of difficulty with her neck and back.
In due course she contacted her attorney following which she commenced a course of treatment with a chiropractor. Although the chiropractor indicated the plaintiff had a 5 percent permanent partial disability of her neck, in the response to Interrogatories filed by the defendants she made no mention of any continuing problem or current disability of the neck. The plaintiff was also involved in a subsequent automobile accident in which she complained of difficulty with her neck and back.
Because setting aside or modifying a verdict deprives a litigant of his constitutional right to have disputed issues determined by a jury the court must examine the evidential basis of the verdict.
 "`Upon issue regarding which, on the evidence, there is room for reasonable difference of opinion among fair-minded men, the conclusion of a jury, if one at which honest men acting fairly and intelligently might arrive reasonably, must stand, even though the opinion of the trial court be that a different result should have been reached.' Horvath v. Tontini, 126 Conn. 462, CT Page 3257 464, 11 A.2d 846 (1940)." Jacobs v. Goodspeed, 180 Conn. 415, 417, 429 A.2d 915 (1980). "[I]f there is a reasonable basis in the evidence for the jury's verdict, unless there is a mistake in law or some other valid basis for upsetting the result other than a difference of opinion regarding the conclusions to be drawn from the evidence, the trial court should let the jury work their will." Id., 419. Wichers v. Hatch, supra, 189.
Also see Daigle v. Metropolitan Property Casualty Ins. Co.,60 Conn. App. 465, 477-478.
The verdict passes muster under the standards mentioned above.
Motion To Set Aside The Verdict and Motion For Additur are denied.
Flanagan, Judge Trial Referee