[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO SET ASIDE VERDICT AND MOTION FOR ADDITUR
The instant action arose from an automobile accident which occurred on June 12, 1998 at or near the intersection of East Main Street and Saltonstall Parkway, East Haven, Connecticut.
Evidence as to liability was in issue. The relative manner of operation of the involved motor vehicles was such as to reasonably support the jury's conclusion of shared responsibility. (Jury concluded plaintiff was 40% comparatively responsible.)
The jury returned a verdict in favor of the plaintiff for $7,120.00 in economic damages which was less than claimed and nothing for economic damages.
An award of economic damages not accompanied by an award of non-economic damages is not adequate as a matter of law. Wichers v.Hatch, 252 Conn. 174, 186.
 "Great deference is to be accorded a jury's award of damages. Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court . . ." Childs v. Bainer, 235 Conn. 107, 112. Also see Wichers v. Hatch, supra.
As stated above, the common law of this state does not recognize the principle that awards limited to economic damages are inadequate as a matter of law and must be set aside or the principle that a fact finder must award non-economic damages each time it awards economic damages.
The evidence with respect to the nature and extent of the injuries and particularly their casual relationship to the accident was in conflict and bitterly contested. Credibility of the plaintiff was a critical issue in this case. There was evidence that the plaintiff had experienced antecedent difficulty in areas of neck, upper back and wrists. CT Page 11558
The jury is not obliged to believe that every injury causes pain or the pain alleged. Vaida v. Tusla, 214 Conn. 523, 538.
Because setting aside or modifying a verdict deprives a litigant of his constitutional right to have disputed issues determined by a jury, the court must examine the evidential basis of the verdict.
 "`Upon issues regarding which, on the evidence, there is room for reasonable difference of opinion among fair-minded men, the conclusion of a jury, if one at which honest men acting fairly and intelligently might arrive reasonably, must stand, even though the opinion of the trial court be that a different result should have been reached.' Horvath v. Tontini, 126 Conn. 462, 464, 11 A.2d 846 (1940)." Jacobs v. Goodspeed, 180 Conn. 415, 417, 429 A.2d 915 (1980). "[I]f there is a reasonable basis in the evidence for the jury's verdict, unless there is a mistake in law or some other valid basis for upsetting the result other than a difference of opinion regarding the conclusions to be drawn from the evidence, the trial court should let the jury work their will." Id., 419. Wichers v. Hatch, supra, 189.
Also see Daigle v. Metropolitan Property Casualty Ins. Co.,60 Conn. App. 465, 477-478.
There were no evidential rulings of substance nor were there any exceptions to the charge.
The verdict passes muster under the standards mentioned above.
Motion To Set Aside the Verdict and Motion or Additur are denied.
John C. Flanagan Judge Trial Referee