## GUISEPPE DIBIASE vs. RAY GARNSEY.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

The entire evidence should not be made a part of the record on ap-
peal, where the errors assigned relate to rulings on evidence and
to the charge to the jury.

In the present case, the trial court ruled that, under §63 of Chapter
400 of the Public Acts of 1921, an automobile repairman cannot
recover his charges in excess of $50, unless, at the time that
limit is reached, he secures a written authorization to continue
with the work, that is, enters into a new and further written
contract to that effect, and that a written authorization, secured
at the outset of the work, would not be effective beyond the
limit of $50.  *Held* that the trial court erred, since a written
authorization to make all repairs is sufficient under the statute
if given either when the limit of $50 is reached, or before the
work is started, or at any time during its progress.

The authorization may specify in detail the repairs and their cost,
or it may be in general terms, such as the direction in the
present case "to overhaul completely . . . everything new that
is needed"; and, if it is in the latter form and is obviously
an incomplete statement of the contract, parol evidence of all
that was said and done by the parties with respect to the agree-
ment is admissible, provided it does not tend to contradict or
vary the terms of the writing.

A motion for a directed verdict should not be made, or granted,
until both parties have offered their evidence or have had
an opportunity to do so and have rested, since the judgment
rendered thereon, unlike a judgment as of nonsuit, is a final
and conclusive determination of the issues.

Argued April 13th—decided May 29th, 1926.

ACTION of replevin, in which the defendant filed a
counterclaim, brought to the District Court of Water-
bury and tried to the jury before *Beardsley, J.;* the
court directed a verdict for the plaintiff upon the
counterclaim, and from the judgment rendered thereon
the defendant appealed. *Error and new trial ordered
upon the counterclaim.*

*Michael V. Blansfield* and *Herman B. Engelman,* for the appellant (defendant).

*Charles W. Bauby,* with whom, on the brief, was *Samuel Schwarz,* for the appellee (plaintiff).

WHEELER, C. J. Upon the former trial, the court granted a nonsuit as to the plaintiff on his action of replevin, but the record on appeal (103 Conn. 21, 130 Atl. 81) did not enable us to pass upon this ruling. On the counterclaim the court instructed the jury that § 63 of Chapter 400 of the Public Acts of 1921 was a penal statute and did not affect any contract which the parties may have entered into relating to the services and supplies furnished under the counterclaim. The question of the recovery upon the counterclaim was submitted to the jury and a verdict returned in favor of defendant and a judgment rendered thereon. We found error in the instruction to the jury that this statute was exclusively penal and had no relation to the contract for services and supplies under the counterclaim. We ordered a new trial upon the counterclaim, on which the court, in the instant case, directed a verdict for the plaintiff in the action, in fact the defendant in the action on the counterclaim. From the judgment upon the directed verdict the defendant appeals for errors in a ruling on evidence and in the charge to the jury. Since the defendant confines his appeal to the ruling on evidence and the instruction to the jury, there was no occasion to have caused the evidence to be made a part of the record. The instructions complained of cover the same ground complained of in the ruling on evidence and will be disposed of in our disposal of this ruling.

The defendant offered evidence to prove: In the summer of 1924, the plaintiff and defendant talked of

the plaintiff's having his car completely overhauled after the expiration of his markers for 1924, and plaintiff inquired of defendant if he had markers with which he could drive his car to defendant's garage when he was ready, and defendant told him he had. In the following February defendant gave him five gallons of gas and special markers with which to bring his car to defendant's garage. Plaintiff thereupon signed a red card, being an order for repairs. Upon the card appeared the date, the name of the owner, and written in in pencil "Overhaul completely. Everything new that is needed." And printed thereon appeared, "I hereby authorize above repairs done," and underneath, the signature of the plaintiff. The card was offered as a written authorization required by § 63 of Chapter 400 of the Public Acts of 1921, for the making of all of the repairs made upon the plaintiff's car, charges for which appear on the counterclaim and comprise the subject-matter of the present action. It was objected to by plaintiff as not being a written authorization within the statute. The court admitted it as tending to prove the contract between the parties up to $50, and excluded it as tending to prove repairs made beyond the $50 limit, upon the ground that the statute required the repairman upon the automobile to secure specific written authority, that is, a new or further contract, after the limit of $50 had been reached. In its ruling the court especially relied upon the statement in our former opinion (p. 26) that "any repairman working upon an automobile is engaged in the performance of a contract, either express or implied, and the law says that when his charges have reached the limit of $50 he shall obtain from the owner of the car written authority to continue, that is, shall enter into a new or further contract with the latter" The trial court misread our opinion. We certainly did not

intend to state, nor do we think we did state, that after the $50 limit was reached, a new written authorization was required for any further repairs made in case a written authorization to make all repairs required upon the car had been made before the repairs had been begun. Such a construction of the statute would have led to the conclusion that a written authorization, specifying all the items of repair, together with the prices thereof, would only be effective up to the limit of $50, and when that point was reached a new written authorization must be obtained covering all repairs above the $50. The legislature never intended such a result, nor did we so decide. The purpose of the statute was to protect automobile owners against repairmen making repairs upon their cars exceeding $50 in cost, in the absence of their written authorization for the making of the repairs. In the absence of a written authorization, the repairman could collect up to $50. Above that sum he must have the written authorization. That could be given either when the $50 limit was reached, or before the repairs were begun, or at any time while the repairs up to the $50 were being made. The written authorization may include the items of repair, together with their cost or estimated cost, or it may include only the items of repair, or, as in the instant case, the authorization to overhaul completely, and provide everything new that is needed. No injustice is done to one who is required to pay for repairs upon his car which he has in writing authorized and which have been made pursuant to such authorization. The written authorization contained upon this red card was obviously not a complete statement of the contract between the parties. The situation was one where all that was said and done between these parties relative to the making of these repairs and their cost, not tending to contradict or

vary this written authorization, was admissible in evidence. *Loomis* v. *Norman Printers Supply Co.,* 81 Conn. 343, 348, 71 Atl. 358. The court was also in error in failing to charge the jury upon the issues concerning the item for storage charges.

We have thus far assumed that the motion for a directed verdict was an appropriate procedure. The motion was made immediately at the conclusion of the defendant's evidence under the counterclaim. The only motion available at that time was one for a nonsuit. Such a motion lies when the one who has the burden of proving his case fails to make out a prima facie case. If granted, it does not necessarily end that issue. It may again be presented to the court. A directed verdict is a very different procedure. It can be moved only at the conclusion of the evidence offered by both parties, or after both parties have had the opportunity to offer their evidence and have rested. If granted, the issues raised by the pleadings are finally determined and cannot, while the judgment upon the directed verdict stands, be again presented in court. The practice in other jurisdictions is variant. Illinois, Tennessee and Maryland seem to regard the motion for a nonsuit, or that for a directed verdict, as interchangeable. Wisconsin, Michigan and the United States courts refuse to permit a motion for a directed verdict in favor of a defendant to be made at the conclusion of the plaintiff's evidence unless the defendant has rested his case. The citation of authorities upon this point will be found in 38 Cyc. p. 1586, notes three and five. We know of no instance in our reports, or in the Superior Court, where a motion for a directed verdict for the defendant has been allowed at the close of the plaintiff's case unless the defendant has rested. Our rule governing nonsuits and directed verdicts are distinct, and so are motions for either.

There is error, and a new trial is ordered upon the counterclaim.

In this opinion the other judges concurred.