## ADAM J. SHELTON *v.* STATEWIDE GRIEVANCE COMMITTEE
### (AC 24584)

Schaller, Bishop and DiPentima, Js.

Argued April 21—officially released October 5, 2004

*Frances Mickelson-Dera,* assistant bar counsel, for the appellant (defendant).

*Adam J. Shelton,* pro se, the appellee (plaintiff).

*Opinion*

BISHOP, J. The defendant, the statewide grievance committee (committee), appeals from the judgment of the trial court sustaining the appeal by the plaintiff, Adam J. Shelton, from the reprimand issued by the committee. On appeal, the committee claims that the court improperly determined that the record before it was insufficient to support the committee's conclusion that the plaintiff violated rule 8.4 (3)[1] of the Rules of Professional Conduct.[2] We reverse in part the judgment of the trial court.

The record reveals the following facts and procedural history. The plaintiff is an attorney licensed to practice law in the state of Connecticut. On March 12, 2001, Barbara A. Dougherty-Shore filed a complaint against the plaintiff with the New Britain-Hartford judicial district grievance panel, claiming that the plaintiff had made an oral agreement with her regarding a debt that she owed and that he unilaterally rescinded that agreement. Dougherty-Shore subsequently sent two letters to the committee, one dated March 25, 2001, and the other May 4, 2001, alleging largely the same facts presented in her complaint.

The plaintiff had represented a party in a collection matter who had an outstanding judgment against Dougherty-Shore, her ex-husband and another individual in the amount of $5465.11. That party retained the plaintiff

---

[1] Rule 8.4 of the Rules of Professional Conduct provides in relevant part that "[i]t is professional misconduct for a lawyer to . . . (3) [e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation . . . ."

[2] On appeal, the committee also claims that the court improperly concluded that (1) the plaintiff did not waive his right to cross-examine the complainant and (2) the plaintiff's due process rights were violated when the committee conducted its hearing in the matter absent the complaining witness. We need not consider the merits of those claims, however, because we find that the court properly determined that the record before the committee was insufficient to support the conclusion that the plaintiff violated rule 8.4 (3).

to secure payment of that debt from Dougherty-Shore, her ex-husband and the other individual. In February, 2000, Dougherty-Shore's ex-husband paid the plaintiff $2000 to settle his share of the debt, pursuant to a written settlement agreement dated January 31, 2000. The plaintiff then sent Dougherty-Shore's ex-husband a release from the debt.

In her complaint and two subsequent letters, Dougherty-Shore alleged that the plaintiff had contacted her in February, 2000, and informed her that if she agreed to pay $2000 on the debt, he would send her a letter stating that she satisfied her obligation. Dougherty-Shore then began making installment payments to the plaintiff. In August, 2000, Dougherty-Shore telephoned the plaintiff and left a message advising him that she was sending $200 at that time and would send an additional $200 in September as the final payment toward her debt. Dougherty-Shore subsequently submitted to the plaintiff a check on which was written, "for final payment." In her complaint and two letters, Dougherty-Shore alleged that after she submitted the check marked "for final payment," she telephoned the plaintiff several times to ask for a release, yet she never received one.

At the committee's hearing into the matter, the plaintiff conceded that he accepted Dougherty-Shore's payments, cashed the check marked "for final payment" and did not provide her with a release. He maintains, however, that he never made an agreement to release her for less than the full balance owed on the debt and, therefore, had no duty to provide that release.

The committee's grievance panel, after considering Dougherty-Shore's complaint, filed its decision on May 29, 2001, finding probable cause to believe that the plaintiff had violated rules 8.4 (3) and 3.4 of the Rules of Professional Conduct. On September 5, 2001, a three

person reviewing committee conducted a hearing on Dougherty-Shore's complaint. At the hearing, the plaintiff was the only witness who testified. Dougherty-Shore did not attend or testify at the hearing. The reviewing committee presented no additional evidence or witnesses, but relied on Dougherty-Shore's complaint and two letters. On June 21, 2002, the reviewing committee issued a decision reprimanding the plaintiff, concluding that there was clear and convincing evidence that he violated rule 8.4 (3). On August 16, 2002, the entire committee affirmed that decision.The plaintiff appealed from the committee's decision to the court on September 18, 2002, pursuant to Practice Book § 2-38.[3] The court sustained the appeal on August 15, 2003. This appeal followed.

Initially, we set forth the applicable standard of review. "[I]n reviewing a decision of the statewide grievance committee to issue a reprimand, neither the trial court nor this court takes on the function of a fact finder. Rather, our role is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct. . . . Additionally, in a grievance proceeding, the standard of proof applicable in determining whether an attorney has violated the [Rules] of Professional [Conduct] is clear and convincing evidence. . . . The burden is on the statewide grievance committee to establish the occurrence of an ethics violation by clear and convincing proof." (Citations omitted; internal quotation marks omitted.) *Lewis* v. *Statewide Grievance Committee*, 235 Conn. 693, 698, 669 A.2d 1202 (1996).

"[C]lear and convincing proof denotes a degree of belief that lies between the belief that is required to

---

[3] Practice Book § 2-38 (a) provides in relevant part: "A respondent may appeal to the superior court a decision by the statewide grievance committee or a reviewing committee reprimanding the respondent . . . ."

find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . [The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist." (Internal quotation marks omitted.) *Somers* v. *Statewide Grievance Committee*, 245 Conn. 277, 290–91, 715 A.2d 712 (1998). Our Supreme Court has stated that the clear and convincing standard is a demanding standard that "should operate as a weighty caution upon the minds of all judges, and it forbids relief whenever the evidence is loose, equivocal or contradictory." (Internal quotation marks omitted.) *Miller* v. *Commissioner of Correction*, 242 Conn. 745, 795, 700 A.2d 1108 (1997). Within the framework of those principles, we now review the committee's claim.

The principal issue in this appeal is whether there is clear and convincing evidence in the record for the committee to find that the plaintiff violated rule 8.4 (3). The committee claims that Dougherty-Shore's complaint and two letters constituted sufficient evidence to support its conclusion that the plaintiff violated that rule. We disagree.

As noted, the complaining witness failed to appear and testify at the hearing. Indeed, no other individuals testified besides the plaintiff. Dougherty-Shore's out-of-court, written statements (her complaint and two letters) constituted the sole evidence that reasonably supports the committee's conclusion that the plaintiff made an offer to settle Dougherty-Shore's debt and to provide her with a written release, which he later rescinded. There is no other evidence in the record that reasonably supports that conclusion. Under those facts, that evidence does not constitute clear and convincing proof that the plaintiff misled Dougherty-Shore in viola-

tion of rule 8.4 (3).[4] As noted, clear and convincing evidence is evidence that induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true. The evidence in the present case does not meet that high standard of proof.[5]

Finally, we note that although the court correctly determined that there was not substantial evidence in the record, it also remanded the matter to the committee for further proceedings. On the basis of our determination that the evidence before the committee was insufficient to warrant the committee's issuance of a reprimand, we find no compelling reason to order a new hearing on the same issue. We find support for that conclusion in analogous civil cases in which the court directs a verdict for the defendant on the basis of insufficiency of the evidence. In such cases, the plaintiff is not afforded the opportunity to pursue additional evidence and retry the case. Cf. *Sheridan* v. *Desmond,* 45 Conn. App. 686, 698, 697 A.2d 1162 (1997); *Suarez* v. *Sordo,* 43 Conn. App. 756, 773, 685 A.2d 1144 (1996) (holding trial court improperly denied defendants' motion for directed verdict; reviewing court remanded case not for new trial, but with direction to render judgment in favor of defendants), cert. denied, 240 Conn. 906, 688 A.2d 334 (1997); see also *DiBiase* v. *Garnsey,* 104 Conn. 447, 451, 133 A. 669 (1926) (when directed verdict granted, "issues raised by the pleadings

---

[4] The committee relies on *State* v. *Caballero,* 49 Conn. App. 486, 492, 714 A.2d 1254, cert. denied, 247 Conn. 924, 719 A.2d 1170 (1998), in support of its claim. In *Cabellaro,* this court stated that the testimony of a single witness in a criminal case, if believed, was sufficient to support a finding of guilt beyond a reasonable doubt. Id. The circumstances in *Cabellaro,* however, differ significantly from those in the present case. In *Cabellaro,* the police officer who had witnessed firsthand the relevant events and the actions of the defendant in fact appeared and testified in court. Id., 489.

[5] The committee further argues that the court exceeded its scope of review by substituting its judgment as to the weight and credibility of the evidence. After careful review of the record, we conclude that this argument is without merit.

are finally determined and cannot, while the judgment upon the directed verdict stands, be again presented in court"). We find no reason to distinguish statewide grievance committee cases from such civil cases. Therefore, we conclude that it was incorrect for the court to remand the case for a new hearing. Instead, the court should have rescinded the reprimand. See Practice Book § 2-38 (f).[6]

The judgment is reversed only as to the order remanding the case to the statewide grievance committee and the case is remanded to the trial court with direction to render judgment rescinding the reprimand. The judgment is affirmed in all other respects.

In this opinion DiPENTIMA, J., concurred.

SCHALLER, J., dissenting. I respectfully disagree with the majority, which affirms the trial court's reversal of the decision of the defendant, the statewide grievance committee (committee), to reprimand the plaintiff attorney, Adam J. Shelton.

My disagreement stems from my reading of the court's decision, which differs from the majority's interpretation. The majority determines that the court correctly reversed the committee's decision because the evidence in the record did not constitute clear and

---

[6] Practice Book § 2-38 (f) provides in relevant part that "[t]he court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional, rules of practice or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, rescind the action of the statewide grievance committee or take such other action as may be necessary. . . ."

convincing proof that the plaintiff had misled the complainant, Barbara A. Dougherty-Shore. I believe that a close reading of the court's ruling and its subsequent articulation reveals that the court did not reverse the decision on the ground of a lack of substantial evidence at all. Rather, the court reversed the decision because the committee failed to produce the complainant at the hearing as a live witness whom the plaintiff could cross-examine. That understanding of the court's ruling, in fact, is the only one that explains the meaning of the court's articulation and order of remand.

In its original decision, the court stated that "the decision is not supported by substantial evidence . . . ." In its articulation, however, the court conceded that its "order regarding substantial evidence was perhaps not artfully chosen . . . ." The court went on to explain that "my thought was that *without evidence from the complainant, there was not sufficient evidence. In the circumstances,* I believed that a remand for further proceedings was appropriate." (Emphasis added.) The court also adopted what it termed "[o]ption one" of the defendant's motion for articulation. That option states: "Is the Court providing the Defendant the opportunity to cure the *procedural due process defect found by this Court* by remanding the matter to a reviewing committee of the [defendant] to conduct another hearing *wherein the Plaintiff would be afforded the opportunity to cross-examine Ms. Dougherty-Shore . . . ?"* (Emphasis added.)

The court's ruling and later clarification may have confused the parties as to the basis of the decision. I believe it is clear, however, that the court did not rule on whether substantial evidence existed, but rather determined that without the complainant being produced as a live witness who could be cross-examined, the substantial evidence standard could not be met. In my view, the court is incorrect for several reasons.

First, no statute or rule of practice specifically requires the committee to call the complainant or any other person as a witness at a committee hearing. I am unaware of any Connecticut decisions determining that the committee is so obligated. The right of cross-examination is provided, of course, whenever a witness is called. Practice Book § 2-35 (d). The committee makes its decision on the basis of the *record*, which consists of all documentary evidence, including submissions by the complainant and the respondent, together with all testimony and evidence submitted at the hearing. Practice Book § 2-35 (e).

Contrary to the court's conclusion, there was "evidence from the complainant," that is, documentary evidence in the form of a complaint and correspondence. The majority's reliance on the fact that "the complaining witness failed to appear and testify at the hearing" is not relevant to a decision in this case. Although the majority takes note of the written statements from Dougherty-Shore, it does not explain why that evidence does not rise to the level of clear and convincing evidence. Although the committee's third claim on appeal purports to raise that issue, it cannot properly do so, however, because the court did not rule on that issue. The court did rule on what it perceived as a procedural deficiency—one, in fact, that has not been determined to exist. Even if the right of cross-examination provided in Practice Book § 2-35 (d) could be read to encompass a demand that the committee produce the complainant as a witness, the plaintiff in this case waived that right by proceeding to a hearing without objecting on that ground. The plaintiff's casual references to the lack of cross-examination opportunities hardly rise to the level of raising the issue adequately. The plaintiff did not raise the issue until the unfavorable outcome had occurred. Waiting for the outcome before raising a procedural issue is not condoned in our practice. See generally

*State* v. *Camera*, 81 Conn. App. 175, 188, 839 A.2d 613, cert. denied, 268 Conn. 910, 845 A.2d 412 (2004).

Although under existing precedent, the committee is not required to produce the complainant at a hearing, whether the committee *should* do so is a different story. Ordinarily, when the respondent attorney appears and offers an explanation for his conduct, meeting the clear and convincing standard by relying solely on the complainant's original written complaint and submissions is difficult indeed. See, e.g., *Somers* v. *Statewide Grievance Committee*, 245 Conn. 277, 290–91, 715 A.2d 712 (1998) (burden higher than preponderance of evidence, lower than beyond reasonable doubt). Whether it is appropriate and responsible for the committee to decline to produce a complainant in a matter of this gravity is another question. It may be wise to adopt a rule of practice to address that issue in the future. The lack of procedural rules or conventions in matters involving the judiciary's disciplinary authority over lawyers is troubling.

Whether it is proper for the committee to *interrogate* the attorney-respondent, prior to offering him the opportunity to *testify*, is another compelling question that we need not address. Although that issue could not be raised on appeal, as it was not preserved, the committee's conduct in that regard is disturbing. At the hearing, the committee proceeded to question the plaintiff immediately, before allowing him to testify. Indeed, when the plaintiff pleaded his case in between questions, the committee dismissed the plaintiff's explanation as being "beside the point." Later in the hearing, the committee members continually interrupted the plaintiff with additional questions before he could answer their initial questions. A review of the transcript lends credence to the plaintiff's argument that members of the committee were biased against the plaintiff because his law practice involved collections and

because he had not provided Dougherty-Shore with a release, even though he had stated that he had no intention of pursuing the debt further.

Because I conclude that the court did not rule on the basis of a lack of substantial evidence, I disagree with the majority's affirmance on that basis. Moreover, because I agree with the committee that the court improperly reversed the committee's decision on the basis of claimed due process violations that are not supported by our existing law, the judgment sustaining the plaintiff's appeal should be reversed and the committee's reprimand reinstated.[1]

Accordingly, I respectfully dissent.

---

[1] Although not germane to my reasons for dissenting, I am compelled to note my disagreement with the majority's statement: "We find no reason to distinguish statewide grievance committee cases from such civil cases." That broad statement, I believe, could be misleading to future litigants because, surely, numerous grounds for distinguishing those cases do exist.