## ADAM J. SHELTON *v.* STATEWIDE GRIEVANCE COMMITTEE
### (SC 17337)

Borden, Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued October 20, 2005—officially released February 7, 2006

*Frances Mickelson-Dera,* assistant bar counsel, for the appellant (defendant).

*Adam J. Shelton,* pro se, the appellee (plaintiff).

*Opinion*

NORCOTT, J. The defendant, the statewide grievance committee (committee), appeals, following our grant of certification,[1] from the judgment of the Appellate Court reversing in part the judgment of the trial court sustaining the appeal of the plaintiff, Adam J. Shelton, from the committee's decision to reprimand him for an alleged violation of rule 8.4 (3) of the Rules of Professional Conduct.[2] *Shelton* v. *Statewide Grievance Committee,* 85 Conn. App. 440, 441, 857 A.2d 432 (2004). The committee claims, inter alia, that the Appellate Court improperly: (1) concluded that the committee's finding that the plaintiff had violated rule 8.4 (3) was not supported by substantial evidence as required by Practice Book § 2-38 (f) (5);[3] and (2) remanded the case

---

[1] We granted the committee's petition for certification to appeal limited to the following issues: "Did the Appellate Court properly (1) conclude that there was insufficient evidence to support the reprimand of the plaintiff, and (2) direct the trial court to rescind the reprimand?" *Shelton* v. *Statewide Grievance Committee,* 272 Conn. 914, 866 A.2d 1285 (2005).

[2] Rule 8.4 of the Rules of Professional Conduct provides in relevant part: "It is professional misconduct for a lawyer to . . .

"(3) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation . . . ."

[3] Practice Book § 2-38 (f) provides in relevant part: "Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee or reviewing committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are

to the trial court with direction to render judgment rescinding the reprimand rather than with direction to remand the case to the committee to hold a new hearing. We conclude that the Appellate Court correctly determined that the committee's decision to reprimand the plaintiff was not supported by substantial evidence, and properly directed the trial court to render judgment rescinding the reprimand. We, therefore, affirm the judgment of the Appellate Court.

The opinion of the Appellate Court sets forth the following relevant background facts and procedural history. "The plaintiff is an attorney licensed to practice law in the state of Connecticut. On March 12, 2001, Barbara A. Dougherty-Shore filed a complaint against the plaintiff with the New Britain-Hartford judicial district grievance panel, claiming that the plaintiff had made an oral agreement with her regarding a debt that she owed and that he unilaterally rescinded that agreement. Dougherty-Shore subsequently sent two letters to the committee, one dated March 25, 2001, and the other May 4, 2001, alleging largely the same facts presented in her complaint.

"The plaintiff had represented a party in a collection matter who had an outstanding judgment against Dougherty-Shore, her ex-husband and another individual in the amount of $5465.11. That party retained the plaintiff to secure payment of that debt from Dougherty-Shore, her ex-husband and the other individual. In February, 2000, Dougherty-Shore's ex-husband paid the plaintiff $2000 to settle his share of the debt, pursuant to a written settlement agreement dated January 31, 2000. The plaintiff then sent Dougherty-Shore's ex-husband a release from the debt.

"In her complaint and two subsequent letters, Dougherty-Shore alleged that the plaintiff had contacted

. . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . ."

her in February, 2000, and informed her that if she agreed to pay $2000 on the debt, he would send her a letter stating that she satisfied her obligation. Dougherty-Shore then began making installment payments to the plaintiff. In August, 2000, Dougherty-Shore telephoned the plaintiff and left a message advising him that she was sending $200 at that time and would send an additional $200 in September as the final payment toward her debt. Dougherty-Shore subsequently submitted to the plaintiff a check on which was written, 'for final payment.' In her complaint and two letters, Dougherty-Shore alleged that after she submitted the check marked 'for final payment,' she telephoned the plaintiff several times to ask for a release, yet she never received one.

"At the committee's hearing into the matter, the plaintiff conceded that he accepted Dougherty-Shore's payments, cashed the check marked 'for final payment' and did not provide her with a release. He maintains, however, that he never made an agreement to release her for less than the full balance owed on the debt and, therefore, had no duty to provide that release.

"The committee's grievance panel, after considering Dougherty-Shore's complaint, filed its decision on May 29, 2001, finding probable cause to believe that the plaintiff had violated rules 8.4 (3) and 3.4 of the Rules of Professional Conduct. On September 5, 2001, a three person reviewing committee conducted a hearing on Dougherty-Shore's complaint. At the hearing, the plaintiff was the only witness who testified. Dougherty-Shore did not attend or testify at the hearing. The reviewing committee presented no additional evidence or witnesses, but relied on Dougherty-Shore's complaint and two letters. On June 21, 2002, the reviewing committee issued a decision reprimanding the plaintiff, concluding that there was clear and convincing evidence that he violated rule 8.4 (3). On August 16, 2002, the entire

committee affirmed that decision. The plaintiff appealed from the committee's decision to the [trial] court on September 18, 2002, pursuant to Practice Book § 2-38. The court sustained the appeal, [but remanded the case for a new hearing before the committee]." *Shelton* v. *Statewide Grievance Committee*, supra, 85 Conn. App. 441–43. The trial court's memorandum of decision was unclear as to whether the court based its ruling on a lack of substantial evidence to support the reprimand, or a violation of the plaintiff's right to due process of law due to his inability to cross-examine Dougherty-Shore.[4]

[4] The trial court's memorandum of decision provided, in its entirety: "After thoroughly reviewing the briefs and record, I find that [the plaintiff's] rights were prejudiced and the matter is remanded for further proceedings. See [Practice Book § 2-38 (f)]. The committee found that the [plaintiff] had offered to settle for $2000 prior to the entry of judgment; the [plaintiff] steadfastly denied any such contact. The only evidence in support of the finding are two letters from [Dougherty-Shore] and one form, signed under penalty of false statement but not sworn to. The [plaintiff] repeatedly stressed that he had no way of vindicating himself without the ability to cross-examine [Dougherty-Shore]. . . . I find no evidence of a clear waiver. In the narrow circumstances of this case, considering the importance of the constitutional right of cross-examination; see, e.g., [Practice Book § 2-34 (d)]; I believe that constitutional rights were implicated and that the decision is not supported by substantial evidence sufficient to support the clear and convincing standard." (Citation omitted.)

The committee subsequently moved for articulation, proffering, in its motion, the following two interpretations of the trial court's ruling:

"1. Is the [c]ourt providing the [committee] the opportunity to cure the procedural due process defect found by this [c]ourt by remanding the matter to a reviewing committee . . . to conduct another hearing wherein the [p]laintiff would be afforded the opportunity to cross-examine [Dougherty-Shore], or

"2. Contrary to the earlier language of the [c]ourt's decision indicating a remand for further proceedings, is the [c]ourt dismissing the complaint against the [plaintiff] when the court stated that the decision of the . . . [c]ommittee is not supported by substantial evidence sufficient to support the clear and convincing standard?"

The trial court's articulated decision provided: "I have reviewed my decision in the encaptioned matter in light of the '[committee's] [m]otion for [a]rticulation' with a file-stamped date of November 12, 2003, and a caption date of September 30, 2003. Option one in the motion accurately expresses my intent. The language in the last sentence of my prior order regarding

On appeal to the Appellate Court, the committee claimed that the trial court improperly concluded that: (1) the committee's conclusion that the plaintiff had violated rule 8.4 (3) of the Rules of Professional Conduct was not supported by substantial evidence; id., 441; (2) "the plaintiff did not waive his right to cross-examine [Dougherty-Shore]"; id., 441 n.2; and (3) "the plaintiff's due process rights were violated when the committee conducted its hearing in the matter absent the complaining witness." Id. The Appellate Court declined to reach the committee's second and third arguments, concluding that no substantial evidence supported the committee's finding that the plaintiff violated rule 8.4 (3). Id., 446. Accordingly, the Appellate Court reversed the trial court's judgment as to the order remanding the case for a new hearing, but affirmed it in all other respects, directing the trial court to render judgment rescinding the reprimand.[5] Id. The committee's certified appeal followed. See footnote 1 of this opinion.

On appeal, the committee contends that: (1) because the trial court did not rule on the issue of whether the committee's decision was supported by substantial evidence, the Appellate Court should not have reached that issue; and (2) substantial evidence existed to support its findings. The plaintiff, in response, argues that his claim was properly reviewable and that the Appel-

substantial evidence was perhaps not artfully chosen: my thought was that without evidence from [Dougherty-Shore], there was not sufficient evidence. In the circumstances, I believed that a remand for further proceedings was appropriate."

[5] In dissent, Judge Schaller concluded that the committee's decision was supported by substantial evidence because no statute or regulation required that the committee call Dougherty-Shore or anyone else as a witness. *Shelton* v. *Statewide Grievance Committee*, supra, 85 Conn. App. 448 (*Schaller, J.*, dissenting). Judge Schaller further stated that the Appellate Court should not reach the substantial evidence issue because it was not ruled upon at trial. Id., 450.

late Court's conclusion and orders were correct in light of the lack of evidence presented against him at the hearing. We agree with the plaintiff.

I

We first address the committee's claim that the Appellate Court should not have considered whether the committee's decision was supported by substantial evidence because the trial court did not itself decide that issue. Specifically, "[t]he [committee] contends that the Appellate Court erred in concluding that there was not substantial evidence in the record to support the reprimand issued by the [committee] because the trial court did not rule on the merits of the sufficiency of the evidence."

Generally, "because our review is limited to matters in the record, we will not address issues not decided by the trial court." *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 52, 717 A.2d 77 (1998). Nevertheless, although the trial court's memorandum of decision was somewhat cryptic about the basis for its decision even after an articulation; see footnote 4 of this opinion; we may assess whether there was substantial evidence to support the reprimand because whether the committee's findings met the threshold for substantial evidentiary support under Practice Book § 2-38 (f) (5) was a question of law properly reviewed de novo on appeal. See *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control*, 216 Conn. 627, 639, 583 A.2d 906 (1990) ("[B]ecause the administrative record before us on appeal is identical to that which was before the trial court, the interests of judicial economy would not be served by a remand in this case. . . . We consider the substantial evidence issue first . . . ."); see also *River Bend Associates, Inc.* v. *Conservation & Inland Wetlands Commission*, 269 Conn. 57, 70, 848 A.2d 395

(2004) (whether trial court properly applied substantial evidence test was question of law subject to de novo review); *Capozzi* v. *Liberty Mutual Fire Ins. Co.*, 229 Conn. 448, 450, 642 A.2d 1 (1994) ("[w]hether a factual finding of an arbitration panel is supported by substantial evidence is ultimately a question of law subject to de novo review by this court"); *Chmielewski* v. *Aetna Casualty & Surety Co.*, 218 Conn. 646, 667, 591 A.2d 101 (1991) (same).

Moreover, even without an explicit ruling by the trial court, appellate review is proper where, as in the present case, the trial court necessarily was forced to rule in the committee's favor on the substantial evidence issue before reaching the plaintiff's due process claim. See *Zahringer* v. *Zahringer*, 262 Conn. 360, 371, 815 A.2d 75 (2003) (for review to be proper when "issue was not ruled on by the trial court, the issue must be one that the trial court would have been forced to rule [on]" in order to reach other issues [internal quotation marks omitted]). It is axiomatic that courts do not engage in constitutional analysis if a nonconstitutional basis upon which to resolve an issue exists. See *State* v. *McCahill*, 261 Conn. 492, 501–502, 811 A.2d 667 (2002). Accordingly, because the trial court was required to consider whether substantial evidence supported the committee's decision before reaching the due process issue, it could not have concluded that the committee's failure to produce Dougherty-Shore offended due process without first determining that substantial evidence supported the committee's finding that the plaintiff violated rule 8.4 (3) of the Rules of Professional Conduct. Cf. *State* v. *Padua*, 273 Conn. 138, 179, 869 A.2d 192 (2005) (reviewing court must first address defendant's insufficiency of evidence claim if preserved and adequate record exists); *State* v. *Theriault*, 38 Conn. App. 815, 823 n.7, 663 A.2d 423 ("[a]lthough we find the defendant's [jury charge claim] dispositive, we must address the sufficiency of the evidence claim since the defendant would be entitled to an acquittal of the charge

if she prevails on this claim"), cert. denied, 235 Conn. 922, 666 A.2d 1188 (1995). Therefore, regardless of the basis for the trial court's decision, the Appellate Court properly reviewed the plaintiff's preserved claim that the committee did not satisfy its burden of proof.[6]

## II

Having concluded that the Appellate Court properly addressed the issue of whether substantial evidence supported the committee's decision, we next consider that issue on its merits. We review de novo the issue of whether substantial evidence existed because it presents a pure question of law. See *DeLeo* v. *Nusbaum*, 263 Conn. 588, 593, 821 A.2d 744 (2003); see also *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control*, supra, 216 Conn. 639 (reviewing trial court's assessment of whether substantial evidence existed de novo).

"Although the statewide grievance committee is not an administrative agency . . . the court's review of its conclusions is similar to the review afforded to an administrative agency decision."[7] (Citation omitted.) *Weiss* v. *Statewide Grievance Committee*, 227 Conn.

[6] The plaintiff, in his request for review of the committee's decision, clearly stated: "The reviewing committee's findings, inferences, conclusions and decision [are] clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record in that [Dougherty-Shore] failed to provide any reliable, probative and substantial evidence whatsoever as to the alleged violation of [r]ule 8.4 (3) . . . ." Additionally, in his appeal to the trial court from the committee's decision, the plaintiff stated: "The reviewing committee did not examine [Dougherty-Shore], and the reviewing committee was not presented with any evidence upon which to weigh [her] credibility or to support a finding of misconduct on the part of the [plaintiff], let alone 'clear and convincing evidence' . . . ."

[7] Practice Book § 2-38 (f) (5); see footnote 3 of this opinion; which governs review of committee decisions, tracks the language of the corresponding provision of the Uniform Administrative Procedure Act, General Statutes § 4-183 (j), which provides in relevant part: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been

802, 811, 633 A.2d 282 (1993). "Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee or reviewing committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . ." Practice Book § 2-38 (f) (5).

Accordingly, our review of the committee's decision is confined to determining whether it was supported by substantial evidence. "This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . The reviewing court must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence . . . ." (Internal quotation marks omitted.) *River Bend Associates, Inc.* v. *Conservation & Inland Wetlands Commission*, supra, 269 Conn. 70.

"Thus, in reviewing a decision of the statewide grievance committee to issue a reprimand, neither the trial court nor this court takes on the function of a fact finder. Rather, our role is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct. . . . Additionally, in a grievance proceeding, the stan-

---

prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . ."

dard of proof applicable in determining whether an attorney has violated the [Rules] of Professional [Conduct] is clear and convincing evidence. . . . The burden is on the statewide grievance committee to establish the occurrence of an ethics violation by clear and convincing proof." (Citations omitted; internal quotation marks omitted.) *Lewis* v. *Statewide Grievance Committee*, 235 Conn. 693, 698, 669 A.2d 1202 (1996).

Clear and convincing proof is a demanding standard "denot[ing] a degree of belief that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . [The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist." (Internal quotation marks omitted.) *Somers* v. *Statewide Grievance Committee*, 245 Conn. 277, 290–91, 715 A.2d 712 (1998).

The committee claims that the Appellate Court improperly concluded that it lacked substantial evidence to support its finding that the plaintiff had violated rule 8.4 (3) of the Rules of Professional Conduct, contending that the record contains clear and convincing evidence of a violation. Its contention, however, is belied by the dearth of proof in the record. In its entirety, the record contains the following evidence against the plaintiff: (1) the one paragraph complaint filed with the committee, executed under penalties of false statement, but not sworn or notarized; (2) an unsworn letter from Dougherty-Shore dated March 25, 2001, repeating many of the allegations contained in the original complaint; and (3) another brief, unsworn letter from Dougherty-Shore dated May 1, 2001, also reiterating the allegations of the complaint.

The plaintiff did not admit the allegations of the complaint and, indeed, made no answer of any kind. Furthermore, the only witness to testify at the grievance hearing was the plaintiff himself, who denied ever having promised to provide Dougherty-Shore with a release from the judgment entered against her.[8] We are mindful that "[the fact finder] is best able to judge the credibility of the witnesses and to draw necessary inferences therefrom [because] . . . [a]s a practical matter, it is inappropriate to assess credibility without having watched a witness testify, because demeanor, conduct and other factors are not fully reflected in the cold, printed record." (Internal quotation marks omitted.) *Burton* v. *Mottolese*, 267 Conn. 1, 40, 835 A.2d 998 (2003), cert. denied, 541 U.S. 1073, 124 S. Ct. 2422, 158 L. Ed. 2d 983 (2004). Nevertheless, naked allegations, unequivocally denied by the accused, are not sufficient to satisfy the committee's burden of proving a violation of the rules by clear and convincing evidence.

Furthermore, the Appellate Court properly directed the trial court to render judgment rescinding the remand. It is well established that in administrative, civil and criminal cases, when the party charged with the burden of proof fails to satisfy that burden, it is not entitled to a second "bite at the apple" on remand.[9] See

---

[8] Although no evidence was presented against the plaintiff, the hearing before the committee was, nevertheless, highly adversarial. At oral argument before this court, the plaintiff attributed this to the committee's distaste for his field of practice, stating: "Sure, I'm characterized as a collections attorney. In the realm of attorneys, somewhat close to the bottom in reputation by the general public. I'm not proud of it, but I believe I do a good job for my clients and that I fulfill a useful role." As the dissent in the Appellate Court noted, "[a] review of the transcript lends credence to the plaintiff's argument that members of the committee were biased against the plaintiff because his law practice involved collections and because he had not provided Dougherty-Shore with a release, even though he had stated that he had no intention of pursuing the debt further." *Shelton* v. *Statewide Grievance Committee*, supra, 85 Conn. App. 449–50 (*Schaller, J.*, dissenting).

[9] Indeed, the committee concedes that "[i]f [t]his [c]ourt concludes that the trial court ruled on the merits of the sufficiency of the evidence and

*Glazer* v. *Dress Barn, Inc.*, 274 Conn. 33, 90, 873 A.2d 929 (2005) (remanding case with direction to render judgment for prevailing party upon concluding that jury verdict was not supported by sufficient evidence); *State* v. *Meehan*, 260 Conn. 372, 399, 796 A.2d 1191 (2002) (reversing and remanding case with direction to render judgment of acquittal on charges for which insufficient evidence was adduced at trial); *Suffield Development Associates Ltd. Partnership* v. *Society for Savings*, 243 Conn. 832, 846, 708 A.2d 1361 (1998) (reversing judgment and remanding case with direction to render judgment for defendant on breach of contract count where plaintiff produced insufficient evidence); *Dolgner* v. *Alander*, 237 Conn. 272, 283–84, 676 A.2d 865 (1996) (reversing judgment and remanding with direction that judgment be rendered for plaintiff where administrative agency's decision was not supported by substantial evidence). Accordingly, because the Appellate Court correctly concluded that the committee's decision to reprimand the plaintiff was not supported by substantial evidence, it properly ordered that the reprimand be rescinded.[10]

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

that the Appellate Court's review and findings on that issue were correct, then its decision ordering that the reprimand be rescinded was proper."

[10] The committee also contends that the Appellate Court should have reviewed its claims that the plaintiff's due process rights were not violated. The duty of the courts to decide constitutional questions is among their most solemn obligations. *Marbury* v. *Madison*, 5 U.S. (1 Cranch) 137, 177, 2 L. Ed. 60 (1803); accord *Moore* v. *McNamara*, 201 Conn. 16, 20, 513 A.2d 660 (1986). Ordinarily, "[c]onstitutional issues are not considered unless absolutely necessary to the decision of a case." (Internal quotation marks omitted.) *State* v. *Cofield*, 220 Conn. 38, 49–50, 595 A.2d 1349 (1991); see also *Burton* v. *United States*, 196 U.S. 283, 295, 25 S. Ct. 243, 49 L. Ed. 482 (1905) ("[i]t is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case"). The Appellate Court, therefore, properly first considered the plaintiff's claim that the committee's factual findings were not supported by substantial evidence and, having resolved the case on that basis, declined to address the due process issue.