CHARLES J. IRVING *v.* STATEWIDE GRIEVANCE COMMITTEE (AC 26930)

Bishop, Rogers and Pellegrino, Js.

Argued April 17—officially released July 4, 2006

*Darlene F. Reynolds*, assistant bar counsel, for the appellant (defendant).

*Charles J. Irving*, pro se, the appellee (plaintiff).

*Opinion*

BISHOP, J. The defendant, the statewide grievance committee (committee), appeals from the judgment of the trial court sustaining the appeal by the plaintiff, Charles J. Irving, from a reprimand issued by the committee. On appeal, the committee claims that the court improperly determined that the plaintiff was denied due process. The committee claims, as well, that once the court found that the plaintiff had been denied due process, the matter should have been remanded to the committee for further proceedings. We reverse in part the judgment of the trial court and remand the matter for further proceedings.

The record reveals the following facts and procedural history. On July 23, 2001, Mary Chamberlain and Henry Chamberlain (complainants) filed a grievance against the plaintiff. A copy of the grievance was sent to the plaintiff by certified mail. On August 24, 2001, the plaintiff filed a response to the grievance. On November 2, 2001, the New London judicial district grievance panel

issued a probable cause determination that the plaintiff had violated rules 1.5 (a) and (b) and 8.4 (1) of the Rules of Professional Conduct. Notice of a May 2, 2002 hearing before the committee was mailed to the plaintiff and the complainants on March 27, 2002. The complainants appeared and testified at the May 2, 2002 hearing. The plaintiff did not appear. On June 27, 2003, the committee issued its decision reprimanding the plaintiff for violating rule 1.5 (b).

On July 12, 2003, the plaintiff filed a request for review of the committee's decision, claiming, inter alia, that he was denied due process because he did not receive notice of the hearing. In his request for review, the plaintiff stated, "I did not receive notice of the hearing held by the reviewing committee on May 2, 2002. . . . Since I did not receive notice of this hearing, I was not able to attend, present evidence on my behalf or cross-examine witnesses who had testified against me at this hearing. This lack of notice was in violation of Rule of Practice [§] 2-35 (d). I had previously responded to this complaint and I fully intended to be present at any hearing held thereon." On August 22, 2003, the committee issued its decision denying the plaintiff's request for review and affirming the reprimand. The committee did not find credible the plaintiff's assertion that he did not receive the hearing notice and concluded that the clear and convincing evidence in the record established that the plaintiff was given notice of the May 2, 2002 hearing by letter dated March 27, 2002.

On September 16, 2003, the plaintiff filed an appeal of the reprimand to the Superior Court. At the hearing, the court found that the record was incomplete because the plaintiff had not been afforded the opportunity to be heard as to whether he had received notice of the May 2, 2002 hearing. Accordingly, the court asked the plaintiff to "take the [witness] stand and to testify with

respect to the receipt of notice or nonreceipt." The plaintiff testified that he did not attend the hearing because he did not receive notice.[1] The court concluded that "[the plaintiff] has testified under oath before this court that he did not receive the notice of the hearing. The court believes him. . . . [The plaintiff] has overcome the presumption of receipt of the notice and, therefore, he was denied due process." The court sustained the plaintiff's appeal. This appeal followed.

We begin by setting forth the applicable standard of review pursuant to Practice Book § 2-38.[2] "Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee or reviewing committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . ." (Internal quotation marks omitted.) *Notopoulos* v. *Statewide Grievance Committee*, 277 Conn. 218, 227, 890 A.2d 509 (2006).

---

[1] The plaintiff testified: "I did not receive notice of the March 2, 2002 hearing before the reviewing panel. I had received the original grievance complaint. I had responded to that. I fully intended to continue to respond to the grievance complaint . . . ."

[2] Practice Book § 2-38 (f) provides in relevant part that "[t]he court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional, rules of practice or statutory provisions; (2) in excess of the authority of the committee: (3) made upon unlawful procedure; (4) affected by other error of law: (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, rescind the action of the statewide grievance committee or take such other action as may be necessary. . . ."

"[I]n reviewing a decision of the statewide grievance committee to issue a reprimand, neither the trial court nor this court takes on the function of a fact finder. Rather, our role is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct." (Internal quotation marks omitted.) Id., 226.

First, the committee claims that the court improperly determined that the plaintiff was denied due process. Specifically, the committee claims that the court improperly heard the testimony of the plaintiff, substituted its judgment for that of the committee as to the weight of the evidence on the question of notice and determined that the plaintiff had overcome the presumption of receipt of notice. We are not persuaded.

"Attorney disciplinary proceedings are adversary and quasi-criminal in nature, and, as such, the subject attorneys are entitled to due process of law. . . . A license to practice law is a property interest that cannot be suspended without due process. . . . Procedural due process is a required constitutional right adhering to those attorneys who are subject to disciplinary action so that they are not unjustly deprived of their reputations or livelihoods." (Citation omitted; internal quotation marks omitted.) *Statewide Grievance Committee* v. *Gifford*, 76 Conn. App. 454, 461, 820 A.2d 309 (2003).

At the hearing in this matter, the court asked the plaintiff to testify as to the lack of notice of the hearing. "An appeal from an administrative tribunal should ordinarily be determined upon the record of that tribunal, and only when that record fails to present the hearing in a manner sufficient for the determination of the merits of the appeal, or when some extraordinary reason requires it, should the court hear the evidence." (Internal quotation marks omitted.) *Machado* v. *Statewide*

*Grievance Committee,* 93 Conn. App. 832, 842, 890 A.2d 622 (2006). The court noted that the record was incomplete because the plaintiff had not testified under oath or been subjected to cross-examination before the committee. Practice Book § 2-38 (d) provides in relevant part: "The appeal shall be conducted by the court without a jury and shall be confined to the record. If alleged irregularities in procedure before the statewide grievance committee or reviewing committee are not shown in the record, proof limited thereto may be taken in the court. . . ." Because the plaintiff had not been afforded the opportunity to testify before the committee as to the alleged constitutional violation, the court properly allowed the plaintiff the opportunity to be heard.

Although the committee concluded that the plaintiff's assertion that he did not receive notice of the hearing was not credible, it based that conclusion on the documents filed by the plaintiff, not on his sworn testimony. "[A]s a practical matter, it is inappropriate to assess credibility without having watched a witness testify, because demeanor, conduct and other factors are not fully reflected in the cold, printed record." (Internal quotation marks omitted.) *Shelton* v. *Statewide Grievance Committee,* 277 Conn. 99, 111, 890 A.2d 104 (2006). Because the court was in the unique position of observing the plaintiff's demeanor and attitude in assessing his credibility while under oath, the court did not improperly substitute its judgment for that of the committee.

The committee also claims that the court improperly determined that the plaintiff had overcome the presumption of receipt of notice. Although the "mailing of a properly addressed letter creates a presumption of timely notice unless contrary evidence is presented"; *Daniels* v. *Statewide Grievance Committee,* 72 Conn. App. 203, 211, 804 A.2d 1027 (2002); the court found that the plaintiff had overcome the presumption of

receipt on the basis of his testimony that he had intended to defend against the grievance and that he had, in fact, responded to the grievance. On the basis of this evidence, the court's finding that the plaintiff did not receive notice of the hearing and, therefore, was denied due process was not clearly erroneous.

The committee finally claims that even if the court properly determined that the plaintiff had been denied due process, the court should have remanded the matter for further proceedings. It is clear from the record that the court sustained the appeal solely on the basis of the plaintiff's due process claim and did not consider the merits of the appeal or the underlying grievance. Where the court concluded that the committee had deprived the plaintiff of his constitutional right of due process, the only appropriate remedy was to recommit the case to the committee for further proceedings consistent with the plaintiff's right to procedural due process." See *Scott* v. *State Bar Examining Committee*, 220 Conn. 812, 828, 601 A.2d 1021 (1992). Accordingly, we conclude that the court should have remanded the matter to the committee in accordance with the dictates of due process.

The judgment is reversed in part and the case is remanded with direction to remand the matter to the committee for further proceedings consistent with this opinion.

In this opinion the other judges concurred.